McCabe vs. Lecompte.

McCABE, RESPONDENT, VS. LECOMPTE, APPELLANT.

1. Notice of an appeal from a justice's court is still necessary, notwithstanding a continuance may have been granted, at the first term for want of it. Such continuance does not necessarily dispense with notice. The appeal is never properly for trial, until notice of it has been given, or until the appellee has done some act from which notice is presumed, or the want of it waived.

## APPEAL from St. Louis Court of Common Pleas.

### STATEMENT OF THE CASE.

McCabe, as surviving partner of Lane & McCabe, sued Lecompte before a justice of the peace. The cause was tried in July, 1850. There was a judgment in favor of Lecompte, and within ten days McCabe appealed to the St. Louis court of common pleas The record was returned to the Sept. term, 1850, of that court; but no notice of the appeal having been given to Lecompte so as to render the cause triable at that term, it was continued, of course. to the February term, 1851. At that term, it was regularly docketed and tried, when judgment was rendered for the plaintiff.

The defendant, Lecompte, after the end of four days after this judgment, moved to set it aside; the reason assigned, being, that the defendant had no actual notice of the appeal; which motion was overruled, and defendant excepted.

The only question, then, is, whether the want of notice of an appeal from the judgment of a justice of the peace, has any other effect than to cause a continuance of the case at the return term.

The defendant, Lecompte, maintains that an appeal so taken, is not triable until actual notice has been given.

The respondent maintains that the appeal so taken is triable at the second term at any rate, unless continued for cause; the only effect of the failure to give notice, being, to cause a continuance for one term, (the return term) at the cost of the appellant.

MORROW & DELAFIELD, for appellant.

The only point in the case is, that a judgment rendered against a party who has had no notice of the proceedings, is utterly void—Smith vs. Ross & Strong, 7 Mo. Rep. 463.

A. P. & P. B. GARESCHE, for respondent.

The respondent relies upon the 22d section of art. VIII of the act concerning justices' courts, page 671 of the Rev. Code of 1845.

RYLAND, J., delivered the opinion of the court.

The only question in this case, is the one with regard to notice.

McCabe vs. Lecompte.

The judgment before the justice of the peace, was in favor of the defendant. Some days afterwards the plaintiff appealed, but gave no notice of his appeal to the defendant. At the first term of the court of common pleas, to which the appeal was taken, the cause was continued at the costs of the appellant. At the next term, the cause was called. for trial and judgment was rendered, by default, against said defendant. The defendant afterwards moved to set aside this judgment and filed her affidavit in support of the motion, alleging want of notice of the appeal. This motion was overruled, and the case comes before us upon the construction of the 22d section, article VIII, concerning "justices' courts," Rev. Stats., 1845 which is as follows, viz: "If the appellant fails to give notice of his appeal, where such notice is required, the cause shall, at the option of the appellee, be tried at the first term, if he shall enter his appearance on the first day thereof, or, at his instance, shall be continued, as a matter of course, until the succeeding term, at the costs of the appellant; but no appeal shall be dismissed for want of such notice."

The plaintiff below, contends, that the appeal is properly for trial at the next term after the first continuance, whether notice of the appeal was ever given or not.

The appellant, in this court contends, that the notice is still necessary, although a continuance was had at the first term, for want of such notice. That such continuance does not necessarily dispense with the notice, and that the appeal is never properly for trial, until notice of it has been given, or until the appellee has done some act by which notice is presumed to have been given, or the want of it waived.

We consider the appellant's construction of this section, the true one. Notice must be given, notwithstanding the first continuance; unless the appellee appears, or does some act which may be considered tantamount to notice. This construction is more consonant with the principles of justice. A party should have his day in court. We, therefore, come to the conclusion, that the 22d section, above recited, does not properly authorize the court below to try the appeal, after the first continuance, unless notice has been given. The judgment of the court of common pleas is therefore reversed, the other judges concurring herein.