DANIEL HAMMERSTEIN, Respondent, *v.* WILLIAM HAASE, GAR-
NISHEE OF WILLIAM C. SCHAPER, Appellant.

1. *Courts, justices'—Appeal—Appearance of appellee after second day of
   term—Construction of statute.*—A proper construction of section 22 of the
   act concerning justices (Wagn. Stat. 850) does not require the appellee, in a
   cause carried to the Circuit Court from a justice's court, to enter his appear-
   ance on or before the second day of any subsequent term after the first at
   which the appeal is triable, in order to procure a hearing. If the appellee
   appear at such term when his case is called for trial, and announce himself
   ready, he should be treated as any other party in court upon summons or
   voluntary appearance.

   In case of his appearance the appellant would be entitled to a reasonable
   time thereafter to prepare for trial.

*Appeal from St. Louis Circuit Court.*

*Krum & Decker*, for respondent.

*J. W. Colvin*, for appellant.

BLISS, Judge, delivered the opinion of the court.

Defendant appealed from the judgment of a justice of the
peace after the day upon which the judgment was rendered, but
failed to give notice to the appellee. After the case had been
continued in the Circuit Court several terms, it was called for
trial. The appellee below appeared and insisted upon a trial.
The case was passed to another day to enable the appellant to
procure his witnesses, but when the day arrived he refused to go
to trial because the appellee (the plaintiff) had not entered his
appearance on or before the second day of the term. The court,
however, heard the cause and rendered judgment against him.

Section 20, of "Appeals," etc. (Wagn. Stat. 850), provides
that when the appeal is taken ten days before the first day of the
term of the appellate court, it shall be tried at that term, and by
section 21 notice is to be given to the appellee if it be not taken
on the day when the judgment is rendered. Section 22, however,
provides that if no notice be given, the appellee may enter his
appearance on or before the second day of the first term, and
have a trial at that term or a continuance, at his option. Defend-

ant contends that because there was no formal entry of appearance on or before the second day of the first term, there can be no trial at any subsequent term unless such entry shall be made on or before the second day of that term. But he entirely mistakes the scope and object of that section. The appellant is at all times in court. The appellee can only be brought there by notice unless he voluntarily appears. (McCabe v. Lecompt, 15 Mo. 78.) It is the duty of the appellant to give notice, and he can take no advantage of his failure to do so. The object of section 22 was to enable the appellee to appear and have a trial at once, if he desires it, or at his option to continue the cause at the cost of the appellant, thus imposing upon the latter a penalty for his neglect. The section has no reference to any subsequent term, and if the appellee appears at such term, he should be treated as any other party in court upon summons or voluntary appearance. The court would doubtless see that a reasonable time, after appearance, was given the other party to prepare for trial, and the record shows that an abundance of time was given in this case. But to say that the appellant had a right to another continuance because he had failed to notify the other party of the appeal, and because that party had failed to enter a personal appearance upon the second day of the term, is to give him a bounty for his own neglect, and is contrary to the spirit of the statute.

The other judges concurring, the judgment will be affirmed.