C. M. WARD, Respondent, v. COUNTY COURT OF COLE COUNTY, Appellant.

1. *Circuit Court, record of — Index, compensation for making* — Mandamus. — In 1869 the Circuit Court of Cole county had no authority to order the making of an index of the records of the court; and even if it had the authority, it had no power to fix the compensation for such services. The County Court is the proper tribunal to adjudicate that question in the first instance. Hence, claimant having another remedy, *mandamus* will not lie to compel the County Court to audit the claim for payment simply on the strength of such order.

*Appeal from Cole Circuit Court.*

*E. L. Edwards & Son,* for appellant.

*Ewing & Smith* and *Geo. T. White,* for respondent.

BLISS, Judge, delivered the opinion of the court.

In February, 1869, the relator was ordered by the Circuit Court of Cole county to make an index of the records of said court, which labor he performed. He presented to the court his account for the work, amounting to a little over $1,000, which was allowed, and the allowance certified to the County Court. The latter court refused to audit the account, and the relator sued out a writ of *mandamus* from said Circuit Court, which was made peremptory.

The substantial questions are: first, whether the Circuit Court had the right to make the order; second, whether it could fix the compensation; and, third, whether *mandamus* would lie.

1. I find no authority at that time to make the order. On the 14th of March, 1870, by an amendatory act concerning indexing records (Sess. Acts 1870, p. 49), the several courts of the State are authorized to procure, if needed, new indexes, but no express power existed as to the Circuit Court records previous to that time. The act of March 2, 1867 (Sess. Acts 1867, p. 108), was confined to the records of the County and Probate Courts. Counsel claim the authority from section 14 of the act concerning courts, etc. (Wagn. Stat. 420), which requires the judges of the several courts to examine and superintend their records, to

26—VOL. L.

require that the several dockets "and all indexes to the records be correctly made out at the proper time," etc. This section imposes a very important duty upon the judges, but gives no authority to order new indexes to old records. It refers to the current duties of the clerk, and the judges should see at every term that they are thoroughly performed.

2. Even if the Circuit Court had power to direct new indexes to be made, it has no power to fix the compensation. The act of 1867, above referred to as amended, still leaves the compensation to be audited and paid by the County Court; and if there were no provisions on the subject, the County Court, by virtue of its general powers and duties in regard to claims against the county, is the proper body to which the claim for compensation should be presented. If this be so, then,

3. *Mandamus* will not lie. If the Circuit Court, by its order, had authority to fix the compensation, so as to make the duty of the County Court imperative, giving the allowance the force of a judgment, then no discretion would be left, the whole matter would have been adjudicated, and the latter could be required by this writ to provide for its payment. But no such power being given the Circuit Court, the claim, if it exists, is an ordinary one, to vindicate which the claimant has a specific remedy. He may present it to the County Court, and appeal if not satisfied with their action, or he may bring his action. Having these remedies, he is not entitled to a writ of *mandamus*. (See Mansfield *et al.* v. Fuller *at al.*, *ante*, p. 338.)

The judgment will be reversed and the petition dismissed. The other judges concur.