# THE SUPREME COURT

50 403
38a 273
50 403
43a 226
50 403
54a 16
50 403
94a ²349

OF

## THE STATE OF MISSOURI,

### AUGUST TERM, 1872, AT ST. JOSEPH.

---

JULIUS W. ROWLEY, Respondent, *v.* HINDS AND WELCH,
Appellants.

1. *Justices' courts — Appeal — Affirmance — Appearance.* — An appearance of the appellee in the Circuit Court, on appeal from a justice, for the purpose of asking an affirmance, is not such an appearance as will waive the failure of appellant to give the notice of the appeal required by the statute. (Wagn. Stat. 850, § 21.)
2. *Justices' courts — Appeal — Failure of notice — Affirmance.* — Where an appeal from a justice is not allowed on the same day when the judgment is rendered, the failure of the appellant to notify the other party of the appeal before the second term of the Circuit Court thereafter, is such a failure to prosecute the appeal (Wagn. Stat. 344, § 10) as will warrant an affirmance of the judgment.

*Appeal from Buchanan Court of Common Pleas.*

*Wise & Masterson,* for appellants.

The appearance of appellee in this cause waived the necessity of notice. (Stonach v. Glessner, 4 Wis. 275; Williams *et al.* v. Stewart, 3 Wis. 773; State v. Messmore, 14 Wis. 115; Pixley v. Winchell, 7 Cow. 366; 5 Cowper, 15; Mann v. Carley, 4 Cow. 148; Tallman v. McCarty *et al.*, 11 Wis. 401; Lewis v. Nuckols, 26 Mo. 280.)

The motion to dismiss the appeal was not the proper remedy for relief by the respondent. The statute declares that the appeal shall not be dismissed because no notice of appeal has been given or served. (Wagn. Stat. 151, § 22.) After a cause has been removed to the Court of Common Pleas by appeal, and regularly placed upon the calendar, it should be treated in the same way as a cause originally instituted in such appellate court, and will not be disposed of till regularly reached for trial.

*Thomas & Ramey*, for respondent.

When the legal notice has not been given, the court will not presume such notice from the party appearing and moving the court to dismiss or affirm. (Bonney v. Baldwin, 3 Mo. 49.)

BLISS, Judge, delivered the opinion of the court.

The defendants appealed from a judgment of a justice of the peace, and failed to give the plaintiff the notice required by the statute. The cause was continued at the first term of the appellate court, and at the next term the plaintiff obtained an affirmance of the judgment below for the reason that the appeal had not been "prosecuted by the appellant according to law." (Wagn. Stat. 344, § 16.)

The questions raised are whether an appearance to procure an affirmance of the judgment was such as obviated the necessity of notice ; and if not, whether the failure to give the notice is such a failure to prosecute as warrants an affirmance under the statute.

1. It is held in Hempstead v. Darby, 2 Mo. 25, and in Bonney v. Baldwin, 3 Mo. 50, that the presentation of a motion to dismiss for want of notice is not an appearance proper — one that should presume notice. There is a distinction in principle between such an appearance as would waive or should presume notice, and an appearance for the purpose only of taking advantage of a failure by the other party to so comply with the law as to bring his case or his antagonist into court. Any action that expressly or from its nature implies that the actor is in court for general purposes — as a motion to continue, an attack upon the pleadings, or a plea to the merits — is of the former character, while

a motion in which the mover seeks only to take advantage of an omission by the other party cannot be held to supply that omission, and must belong to the latter; otherwise he would be denied the right to take such advantage. Hammerstein v. Haase, 47 Mo. 498, does not sustain a different view, for in that case the appellee appeared and insisted upon a trial upon the merits.

2. Since the revision of 1835, the appeal cannot be dismissed at the first term for want of notice. (Wagn. Stat. 850, § 22, last clause.) According to McCabe v. Lecompte, 15 Mo. 78, it would seem that notice might still be given, so that a trial can be had at the next term; and I can see no reason for forbidding a dismissal of the appeal at the first term, unless for the purpose of permitting the appellee to be brought in by subsequent notice. But, however this may be, he may appear for the purpose of taking advantage of a failure on the part of the appellant to prosecute his appeal, and may then insist that it be dismissed, or may ask for an affirmance under the statute.

The failure to give notice, it is claimed, is not a failure to prosecute the appeal. But the requirement to prosecute should have a broader significance than an obligation merely to file a transcript. One cannot be said to prosecute according to law where he fails to bring the opposite party into court, for the appeal is not perfected without it.

Judgment affirmed. Judge Wagner concurs. Judge Adams was not present at the hearing.