THOMAS PURCELL, Respondent, *v.* THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

1. *Justices' courts — Appeal — Practice in Circuit Court — Notice — Affirmance.* — The appearance in the Circuit Court of the appellee, on appeal from a justice's court to obtain an affirmance of the judgment, is not such an appearance as will waive or imply notice, and a continued failure to give notice notwithstanding such appearance is a failure to prosecute the appeal.
2. *Rule of court — Valid only when consistent with the statute.* — A rule of court which is contrary to law will not legalize any action under it. but when it affirms the statute it is valid.

*Appeal from Buchanan Court of Common Pleas.*

*Stringfellow, Hall & Oliver*, for appellant.

I. The court had no jurisdiction and no right to affirm the judgment of the justice until notice of the appeal was given, or until appellee entered his appearance, and could not render any judgment in the case.   (6 Wall. 256.)

II. The statute is express that no appeal shall be dismissed for want of notice; much less could the judgment of the justice be affirmed for want of such notice. (Gen. Stat. 1865, p. 725, § 22.)

III. The provisions of our statute concerning appeals, which provides that if an appeal shall not be duly prosecuted, then judgment of the justice shall be affirmed, does not apply to this case. (35 Mo. 505.)

*W. H. Sherman*, for respondent.

It is the duty of the appellant to give notice of appeal, and the statute provides that such notice may be served in the same manner as an original writ of summons. (Wagn. Stat. 850, § 21.) And the appellee can only be brought into court by such notice unless he voluntarily appears. (Hammerstein v. Haase, 47 Mo. 498; McCabe v. Lecompte, 15 Mo. 78.) In all cases where an appeal from a judgment of a justice of the peace shall not be prosecuted by the appellant according to law, the judgment shall be affirmed. (Wagn. Stat. 344, § 16; Martin v. White, 11 Mo. 214.)

By rule XIII the court below established, as a rule of practice, what should be deemed due diligence in the prosecution of an appeal from a justice's court. Courts have power to establish court rules not in conflict with the law, to the end that the practice in the courts may be uniform. Rule XIII is not in conflict with any law, and was intended to establish a uniform rule of practice, in place of leaving each case to the discretion of the judge. If the appellant fail to give notice of appeal before the second term, he is in default in the prosecution of his appeal, and the aforesaid rule of court fixes the time when the appellee may ask an affirmance of the judgment of the justice on account of such default. By this rule is established a fixed and uniform rule of practice.

BLISS, Judge, delivered the opinion of the court.

The defendant appealed from a judgment of a justice of the peace, but failed to notify the plaintiff; and the cause being con-

tinued at the first term of the appellate court, the judgment was affirmed at the next term for want of notice. No notice had ever been given, and there was no appearance by the plaintiff except for the purpose of obtaining an affirmance of the judgment.

The facts of the case are precisely the same as in Rowley v. Hinds, *ante*, p. 403, where we held that an appearance to obtain an affirmance of the judgment was not such appearance as would waive or imply notice, and that a continued failure to give it was a failure to prosecute. The present record shows a rule of the trial court authorizing an affirmance of the judgment under the circumstances. If the rule was contrary to the law, it could not legalize any action under it, but it only affirms the statute, and is therefore valid.

Counsel suggest that the court has no jurisdiction of the case until notice ; but the appeal and the statute give jurisdiction, and the appellant authorized the judgment, which will be affirmed. The other judges concur.