——o——

ELEANOR NAY & HENRY NAY, Respondents, vs. THE HAN. & ST. JO. R. R. CO., Appellant.

1. *Justice of the Peace—Appeal—Failure to enter appearance on the 2nd day of the term—Judgment not allowed when.*—Where an appeal is allowed from a Justice of the Peace on a day subsequent to that of the judgment, and appellant fails to give the ten days' notice of his appeal required by the statute,(2 W. S. 850 § 21) before the second ensuing term of the Circuit Court, the appellee may appear simply for the purpose of having the judgment affirmed, and will be entitled to such affirmance, by reason of the continued failure of appellant to give such notice. But judgment of affirmance for want of prosecution cannot be taken at the return term of the appeal, unless appellee enter his appearance on or before the second day of the term. (*Id.*, § 22.)

*Appeal from Common Pleas Court of Livingston County.*

*Hall & Oliver and James Carr* for Appellant,

I. The court below committed error in affirming the judgment of the Justice. The appellant not having been notified of the appeal, and not having entered its appearance as required by the law, the same should have been continued at the cost of appellee. (Gen. Stat., p. 725, § 22; 47 Mo., 498.)

*Broaddus & Pollard*, for Respondents.

ADAMS, Judge, delivered the opinion of the court.

This suit was commenced before a Justice of the Peace for

injuring a steer belonging to plaintiffs. The defendant appeared before the Justice, and a continuance of the case was had by agreement of parties, to a subsequent day. The defendant failed to appear on the day of trial before the Justice, and a verdict and judgment were rendered in favor of plaintiffs. At a subsequent day the defendant filed a motion to set aside the judgment by default and for a new trial, which the Justice overruled, and the defendant appealed to the Common Pleas.

The record shows that the appeal was taken on a day subsequent to the rendition of the judgment, and that no notice was served on the plaintiffs of such appeal.

The record also shows that the plaintiffs did not appear on or before the second day of the term to which the appeal was returned. And it affirmatively appears that there was no appearance entered of record by the plaintiffs (appellees) till the 8th day of the term. On that day the plaintiffs appeared and demanded a trial, and the defendant asked that the case might stand continued till the next term and refused to try the case at that term of the Court. Thereupon the Court affirmed the judgment of the Justice because the defendant failed to prosecute its appeal. The defendant filed motions in arrest and for a new trial which were overruled and exceptions duly saved.

The point raised here involves the construction of section 22, 2 W. S., 850, which provides " If the appellant fail to give notice of his appeal when such notice is required, the cause shall at the option of the appellee be tried at the first term, if he shall enter his appearance on or before the second day thereof, or at his instance shall be continued as a matter of course, until the succeeding term at the costs of the appellant, but no appeal shall be dismissed for want of such notice."

When the appeal is not allowed on the same day when the judgment is rendered, notice is required to be served on the appellee ten days before the term at which the cause is to be determined. (2 W. S., 850, § 21.)

From these provisions of the statute, it is apparent

that the appellee can only demand a trial at the first term when he shall have entered his appearance on or before the second day of the term.

If he fails to enter his appearance as indicated, the case cannot be tried at that term unless it be by consent of both parties.

It will stand continued as a matter of law till the next term. At the next or any subsequent term, the appellee may voluntarily appear and demand a trial, or have an affirmance for want of prosecution.

But if the appellee does not voluntarily appear, the appellant may bring him in by notice. (McCabe vs. Lecompt, 15 Mo., 78; Hammerstein vs. Haase, 47 Mo., 498.)

If the appellant fail to give the notice before the second term, the appellee may appear only for the purpose of having the judgment affirmed and will be entitled to such affirmance for the continued failure of the appellant to give notice.

Such failure to give the required notice before the second term is a failure to prosecute the appeal. (Rowley vs. Hinds, 50 Mo., 403; Purcell vs. Han. St. Jo. R. R. Co., 50 Mo., 504.)

But a judgment of affirmance for want of prosecution cannot be taken at the return term of the appeal.

This is the only material error presented by this record.

Let the judgment be reversed and the cause remanded. The other judges concur.