JOSEPH H. PAGE, Respondent, *vs.* ATLANTIC AND PACIFIC RAILROAD COMPANY, Appellant.

1. *Justices' Courts—Appeal—Failure of notice before second term—Effect of—Waiver of notice—What act gives jurisdiction to Circuit Court.*—Where an appeal from a justice is not taken on the day when the judgment is rendered, and notice thereof is not given before the second term of the Circuit Court, after that at which the case is to be determined, such omission will be held to be a failure to prosecute the appeal, and will authorize an affirmance. Any appearance for a special object, such as a motion to dismiss on account of defective process, or to affirm on the ground that there has been a failure to prosecute the appeal, is not such an appearance as will confer jurisdiction on the Circuit Court to try the case. But any act which implies that appellee is in the Circuit Court for general purposes, such as to plead to the merits or contest the trial, as when he subpœnas witnesses therefor, will be held sufficient to confer jurisdiction on the court to try the case. He is presumed to have known that the cause was pending and to have waived notice. Moreover, in summoning witnesses he becomes liable for costs in a matter pertaining to a trial on the merits; and where the court has power to tax such costs, it can proceed to try the whole case.

### Appeal from Lafayette Circuit Court.

*J. N. Litton,* for Appellant, cited 15 Mo., 78; 55 Mo., 545; 4 Green Iowa, 530; 33 Ill., 518; 25 Ala., 534.

*Clayton & Callahan,* for Respondent, cited 3 Mo., 49; 43 Mo., 389; 32 Mo., 423; 20 Mo., 584; 7 Mo., 161; Wagn. Stat., 1034, §§ 6, 19–20; 50 Mo., 403; id. 504.

WAGNER, Judge, delivered the opinion of the court.

The sole question presented by this record is, whether the court erred, in affirming the judgment of the justice of the peace which had been taken up by appeal. It appears that in this proceeding in the justice's court the plaintiff obtained judgment, and at a subsequent day the defendant took an appeal to the Circuit Court. No notice of the appeal was given till after the second term of the court, and at the third term the plaintiff appeared and moved for an affirmance of the judgment, which was sustained. At the time the appeal was taken the Circuit Court held three terms a year, and the case was never reached on the docket for trial at any time previous to

the affirmance. It further appears that at all three terms of the court, the plaintiff subpœnaed witnesses in order to get ready for trial.

It is the duty of the party taking an appeal, if the same is not taken on the day of the rendition of the judgment, to give notice to the adverse party at least ten days before the first day of the term at which the case is to be determined (Wagn. Stat., 850, § 21); and if the notice is not given before the second term thereafter, it will amount to a failure to prosecute the appeal, and will authorize an affirmance of the judgment. (Wagn. Stat., 344, § 16; Rowley vs. Hinds, 50 Mo., 401.)

Unless there be a voluntary appearance in the cause. notice is indispensably necessary. And the appearance must be in reference to some act touching the merits of the case. An appearance for a special object or purpose, as a motion to dismiss on account of defective process, or to affirm on the ground that there has been a failure to prosecute the appeal, is not such an appearance as will confer jurisdiction upon the court. As was remarked in McCabe vs. Lecompte, 15 Mo., 78, notice is never dispensed with till the appellee has done some act by which it is presumed to have been given, or the want of it waived. A party, if he chooses, may voluntarily appear in court, and he will then be subject to the same jurisdiction as if he had been brought in by notice or regular process. Any act that from its nature implies that he is in court for general purposes, as to plead to the merits, or contest the trial, will be sufficient. In the case of Henderson vs. Henderson (55 Mo., 545), where the party filed a motion to dismiss on the ground that a transcript was not filed in time, one of the reasons for refusing and holding that he was in court was that he had his witnesses subpœnaed and in attendance. It was said that from this fact he must necessarily have known that the case was in court and that he was accumulating costs in it. In the present case the court found in its judgment that the plaintiff had taken steps in the case by subpœnaing witnesses and making costs, and adjudged that he should pay the same.

If the court had power to tax costs against the plaintiff in a matter pertaining to the trial on the merits, it had jurisdiction to proceed to try the whole case. The subpœnaing of witnesses is one of. the first steps in the preparation for an actual trial in court. When the party subpœnas his witnesses, it is rendered certain that he has notice that the cause is pending, and it may fairly be presumed that notice is waived. Here, for three terms the plaintiff had his witnesses subpœnaed, and there was a failure to try the cause only, because from the quantity of business preceding it on the docket, it could not be reached. At the very term at which the judgment was affirmed, plaintiff's witnesses were subpœnaed, and it is presumed were in attendance. Under these circumstances I am of the opinion that the court erred, and its judgment should be reversed and the cause remanded.

Judge Napton and Sherwood concur; Judges Vories and Hough absent.