M. R. Thurston, Respondent, *v.* Kansas Pacific Railway Company, Appellant.

March 7, 1876.

Upon a judgment rendered by a justice, and appeal to the Circuit Court, not taken on the day when judgment was given, it is essential that notice of the appeal be given before the second term thereafter. If appellant fail to do this, the judgment must be affirmed.

Appeal from St. Louis Circuit Court.

*Affirmed.*

*Davis & Smith*, for appellant, cited : Thomas Purcell *v.* Hannibal & St. Jo. R. R. Co., 50 Mo. 504 ; Wag. Stat., sec. 21, p. 850 ; Bruner *v.* Marcum, 50 Mo. 403.

*Slayback & Haeussler*, for respondent, cited : Eleanor Noy & Co. *v.* Hannibal & St. Jo. R. R. Co., 51 Mo. 575 ; Blake *v.* Downey, 51 Mo. 439 ; Bowley *v.* Hurds, 50 Mo. 403 ; Purcell *v.* Hannibal & St. Jo. R. R. Co., 50 Mo. 504.

GANTT, P. J., delivered the opinion of the court.

Thurston commenced an action before Justice Jecko, in St. Louis county, against the appellant, to obtain judgment, on May 5, 1874. An appeal was taken on May 11, 1874, and the transcript was lodged with the clerk of the Circuit Court on May 25, 1874. This made the appeal returnable to the June term, 1874. No notice of appeal having been given, Thurston moved to affirm the judgment during the October term, 1874. The court overruled the motion, Thurston excepting, and, the cause being called for trial, the plaintiff " refused to plead ; " whereupon, on motion of the defendant, the court dismissed the suit, and plaintiff appealed to the general term, which reversed the judgment of the special term, and the railway company appeals therefrom to this court.

By the bill of exceptions it appears that, on October 14, 1874, a notice of the appeal was posted in the office of Justice Jecko ; that the original plaintiff did not reside in St. Louis county ; that the defendant had, from the first, made diligent search for her without success, and did not find until October 14, 1874, that she resided in Kansas City.

The claim in this cause was for an alleged overcharge on freight from Junction City to St. Louis.

1. The first day of the June term, 1874, of the St. Louis Circuit Court was Monday. During all that term no notice was filed of the appeal. But this seems to be accounted for by the affidavits filed by the railway company.

2. The appellant was not liable to have its appeal dis--

missed until it had failed to give the required notice before the second term following the appeal; but it seems to be expressly held that it was so liable then. *Nay* v. *Hannibal & St. Jo. R. R. Co.*, 51 Mo. 575–577. " Such failure to give the required notice before the second term is a failure to prosecute the appeal." It may be said, indeed, that the appellant did its best, and only failed because of the non-residence of the respondent to give notice of the appeal; to which the sufficient answer seems to be that, in case of the non-residence of the respondent, the appellant should have taken at some period before October 1, 1874, the step it really took on the 14th of that month. Had it done so, it would have been diligent, or, at any rate, not so negligent as to incur the penalty indicated in the decision of the Supreme Court. If the point had not been thus settled by our own Supreme Court, we should have been disposed to give a different construction to the statute. But we consider the question as no longer open, and, accordingly, order the judgment of the general term to be affirmed. All the judges concur.