————o————

TOWN OF BROWNSVILLE, Respondent, *vs.* W. A. REMBERT, Appellant.

1. *Justices' courts—Appeal—Notice, failure to file—Affirmance of judgment—Diligence.*—Where appeal from judgment in a justice's court is not taken on the day of its rendition, and no notice of appeal is given before the second term thereafter, at which the case is triable in the circuit court, the judgment below may be affirmed on motion. And it is immaterial that after filing, and before hearing of the motion, such notice is given. Appellant does not show such diligence in prosecuting the appeal as the law requires.

*Appeal from Saline County Circuit Court.*

*George L. Hays, with Ewing, Smith & Pope,* for Appellant.

*J. W. Edmonds,* for Respondents

NORTON, Judge, delivered the opinion of the court.

This was a suit upon an account tried before a justice of the peace, on which plaintiff recovered judgment, from which defendant two days thereafter took an appeal to the circuit court. This appeal was taken in November, and no notice of it was given to plaintiff. The first term of the circuit court came on in February thereafter, and more than ten days after the appeal was taken. The second term of court came on in the following June, and at this term, and after the first day thereof, on the 20th day of

June, plaintiff filed his motion for an affirmance of the judgment, for the reason that defendant had failed to give notice of his appeal, or prosecute the same.

On the 24th of June, four days after the motion was filed to affirm the judgment, defendant filed notice of appeal with proof of service of the same, on the 22nd of June.

The motion to affirm the judgment of the justice was taken up on the 25th of June and sustained by the court, and judgment entered accordingly.

The only question involved in the record is, whether the court committed error in its action, affirming the judgment of the justice.

In the case of Page vs. Atlantic & Pac. R. R. Co. (61 Mo. 78), the court declared that where an appeal is taken from the judgment of a justice on a day subsequent to its rendition, the party appealing should give notice thereof at least ten days before the first day of the term, at which it is triable; and if notice is not given before the second term thereafter, such failure will authorize an affirmance of the judgment. (See Rowley vs. Hinds & Welch, 50 Mo. 403.) The above cases are decisive of this, and the fact that defendant, four days after the motion to affirm the judgment had been filed, came into court and filed notice of appeal with proof of service, made only two days previous to the time the case was set for trial, is not such diligence in the prosecution of his appeal as the law requires.

Judgment affirmed.    All the other judges concur.