TIMOTHY W. SULLIVAN, Respondent, *v.* MARY E. SANDERS ET AL., Appellants.

### May 18, 1880.

1. A cause is pending in the Circuit Court, on appeal from a justice, from the granting of the appeal, not from the filing of the transcript with the clerk.

2. A judgment-entry that a mechanic's lien has been perfected for a certain amount, that the same is a lien on certain real estate, and that execution issue therefor, is not a personal judgment, and is good in a proceeding against a husband and wife to enforce a mechanic's lien against her property.

APPEAL from the St. Louis Circuit Court, LINDLEY, J. *Affirmed.*

J. D. JOHNSON, for the appellants.

THOMAS H. CULVER and J. P. VASTINE, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This was an action begun before a justice, on a mechanic's lien. Judgment was rendered before the justice on November 26, 1878. An appeal was taken to the Circuit Court on November 29th. No notice of appeal was given, the paper which purported to be a notice of appeal not having been served upon either of defendants, but upon a person stated in the paper to have been their attorney. That this notice was not a compliance with the law is admitted, and is clear. *Richmond* v. *Isaacs*, 4 Mo. App. 565. The transcript was not filed in the Circuit Court until February 6th. Nothing further was done at the February term. During the next April term, on the 5th of May, the appellees appearing for that purpose only, the judgment was affirmed.

1. It cannot be disputed that notice was required by the statute, and that where the appellant fails to give notice before the second term, this is a failure to prosecute the appeal, and the judgment should then be affirmed on motion

of the appellees. *Nay* v. *Railroad*, 51 Mo. 576. It is, however, contended by appellants that as the transcript was not filed until the February term, the April term was the first term at which it was determinable, and the June term the second term ; and that appellants might have served their notice for the June term, and were not in default.

As to this, the statute is express (Wag. Stats. 850, sect. 20), that " all appeals allowed ten days before the first day of the term of the appellate court next after the appeal allowed, shall be determined at such term," etc. The statute also provides (Wag. Stats. 84, sect. 15) that when an appeal has been allowed, the court may, by rule and attachment, compel the justice to file the transcript. We think that the ten days are to be counted from the day the appeal is allowed. It is the neglect of the appellant if he does not take the proper steps to compel the justice to file the transcript in time, and the appellee is not to be prejudiced by any neglect in filing the return of the justice. It is true that sect. 13 says that " upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause, and shall proceed to hear and determine the same anew ;" but this is not inconsistent with the provision of sect. 20, that the cause is triable at the first term beginning ten days after the appeal. The cause was pending in the Circuit Court from the time the appeal was allowed (*Kirkwood* v. *Heege, post*, p. —) ; and being triable at the February term, under the settled construction of the statute, the appellee could claim an affirmance at the April term if there was a failure to prosecute the appeal.

2. The action in this case was to enforce a mechanic's lien against the property of the wife as original contractor. The judgment of the justice was, "that plaintiff have judgment for $300 and costs ; and the justice doth further find that plaintiff has perfected his mechanic's lien for said amount, and that this judgment be a lien against the following described real estate (describing it), and that

execution issue therefor." It is contended that the justice has no power to render a personal judgment against the husband for the contract of the wife, or to render a personal judgment against the wife at all; that the judgment was absolutely void, and for that reason should not have been affirmed. The judgment does not seem to be a personal judgment against either defendant, but is a mere finding that the amount found was due under the contract, and a decree that execution for the amount and costs issue against the property described as the separate property of the wife. The judgment was not void, and was, we think, properly affirmed.

The judgment of the Circuit Court is affirmed. Judge HAYDEN concurs; Judge LEWIS is absent.