IN THE MATTER OF JOSEPH UHRIG BREWING COMPANY;
H. A. HAUESSLER, Appellant.

### January 31, 1882.

1. Appeals from allowances made by an assignee under an assignment for the benefit of creditors, are governed by the statute relating to appeals from justices of the peace.

2. A voluntary appearance for a general purpose by an appellee is a waiver of notice of appeal, and gives the court jurisdiction over him.

3. An assignee may subsequently allow a demand which, for good cause, was not presented at the time set apart for that purpose, without notice to other creditors.

4. The assignment act leaves the question as to what constitutes good cause for failure to present a claim at the designated time, to the discretion of the assignee.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Affirmed.*
BROADHEAD, SLAYBACK & HAEUSSLER, for the appellant.
F. GOTTSCHALK, *contra.*

BAKEWELL, J., delivered the opinion of the court.
The Joseph Uhrig Brewing Company made a voluntary assignment for the benefit of its creditors.    The assignee gave notice by publication, as required by law, and was present for three consecutive days, as required by law, to pass upon demands against the estate.    Daniel Lutz, on May 27, 1880, nearly three months after the days in which the assignee sat to hear claims, presented an account of $1,377, for barrels made by him for the company.    Lutz

was not notified by letter of the days for allowing demands, because the assignee did not know he was a creditor. Lutz kept a saloon. He took the two papers in which the notice was published, but did not see the notice. He was a resident of St. Louis, where the assignee sat to adjust demands. He was sick with fever most of the time from March to June, 1880, though he was not confined for a week at a time. The assignee allowed the claim of Lutz. This allowance was made on May 27th, and on May 29th, Haeussler, the appellant, a creditor of the estate, prayed an appeal, which was allowed. It does not appear that notice of this appeal was given to Lutz. The June term of the circuit court was begun on the first Monday of June, within ten days of the day of appeal. The appeal was taken returnable to the October term; and, at the December term, Lutz moved to dismiss the appeal, for failure to give notice in writing within ten days of that, the second, term. This motion was overruled. The case was tried by the court, a jury being waived, and judgment was rendered in favor of Lutz for the amount of his claim. Both Lutz and Haeussler appeal.

It is claimed by Haeussler that, after the three days for allowing claims by the assignee have passed, the assignee can make no allowance without an order from the circuit court authorizing him to adjust the demand; and that creditors are entitled to notice of the allowance of demands, to give them an opportunity to appeal. It is contended by Lutz that the circuit court erred in overruling his motion to dismiss the appeal for want of notice.

The act in regard to assignments provides (Rev. Stats., sect. 377), after a special clause as to the bond for appeal, that, "in all other respects, appeals shall be taken, certified, and proceeded with in the same manner as appeals from judgments of justices of the peace;" and (sect. 378) that, upon the appeal being allowed, "the court shall become possessed of the case, and shall proceed to hear and

determine the same, in the same manner as if such case were in said court, by appeal from a judgment of a justice of the peace.''

On appeal from a justice, all appeals allowed ten days before the first day of the term of the appellate court next after the appeal allowed, shall be determined at such term, unless continued for cause. Rev. Stats., sect. 3054. But, if the appeal is not allowed on the same day on which the judgment is rendered, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause is to be determined, with a notice in writing stating the fact that an appeal from the judgment has been taken. Rev. Stats., sect. 3055. If the appellant fail to give notice of his appeal, the cause shall, at the option of the appellee, be tried at the first term, if he shall enter his appearance on or before the second day thereof, or at his instance, shall be continued, as a matter of course, until the succeeding term, at the cost of the appellant. Rev. Stats., sect. 3056. If the appellant fail to give such notice at least ten days before the second term of the appellate court after the appeal is taken, the judgment shall be affirmed, or the appeal dismissed at the option of the appellee. Rev. Stats., sect. 3057.

These provisions apply to the present case as if it had been an appeal from a justice of the peace. But if Lutz desired to claim the benefit of them, he should have appeared in the circuit court only for the purpose of moving for an affirmance for failure to prosecute the appeal. When the court overruled his motion, it appears from the record that he waived a jury and proceeded to trial upon the merits. This voluntary appearance for general purposes, was a waiver of notice, and subjected him to the jurisdiction of the circuit court, as if he had been brought in by notice. *Page* v. *Railroad Co.*, 61 Mo. 78. When the appellee waived a jury the court had jurisdiction to try the cause. He need not have waived notice, and might have

insisted upon his application for an affirmance. But it is too late now to raise the question as to the propriety of the action of the circuit court in overruling his motion to affirm. Whenever the appellee appears for general purposes at a subsequent term, he is to be treated as any other party in court on summons or voluntary appearance. *Hammerstein* v. *Haase*, 47 Mo. 498 ; *Rowley* v. *Hinds*, 50 Mo. 403 ; *Nay* v. *Railroad Co.*, 51 Mo. 575. Where there is no notice, the opposite party is not brought into court, and the appeal, therefore, is not perfected ; but when the opposite party comes into court, and submits himself to the jurisdiction, he can no longer say that the appeal was not perfected, or complain that the cause was tried upon its merits.

2. As to the other point presented for our consideration by this record, the duties of the assignee are prescribed by statute. Before the existing act of May 9, 1879 (Acts 1879, p. 18 ; Rev. Stats. 53), was passed, the assignment act contained no provision for allowing demands not presented during the three days on which the assignee sits to allow demands in accordance with notice to those interested in the estate. The act was amended in 1879, by inserting the proviso, that '' any creditor who shall fail to lay his claim before the assignee during the term on account of sickness, absence from the state, or any other good cause, may, at any time before the declaration of the final dividend, file and prove up his claim, and the same may be allowed, and the remaining dividends paid thereon, as in the case of allowed claims.''

Nothing is said as to any notice to creditors of the estate in the case now first provided for, of an omission for good cause to present the claim during the three days. The act seems to leave the question as to what shall be sufficient cause for taking evidence as to a claim not presented during the three days, to the sound discretion of the assignee. This may be an omission on the part of the legislature ;

but, if so, it is an omission which we cannot supply without an act of judicial legislation.

The act under which the claim in dispute here was proved, provides (sect. 373), that the assignee shall give notice, by publication and by letter, for four weeks successively, the last insertion to be one week before the appointed day, of the time and place of adjusting claims. He is to remain in session for that purpose on three consecutive days, from nine to five. All creditors who shall not present their claims on those days, are precluded from any benefit of the estate ; hearings, however, may be continued to such day as the assignee shall deem right. This was the provision of the former law ; and the clause as to allowing the claim of a creditor who, for good cause, shall have failed to present his claim, is added in the existing act to this section of the old law. The decision of the assignee is final ; but provision is made for an appeal as in cases before a justice of the peace ; and the case is to be tried anew in the circuit court as in appeals from a justice of the peace. Rev. Stats., sects. 376–378. The day for allowing appeals must be within three months of the date of the assignment (sect. 372) ; and payments to the full extent warranted by the assets, must be made within a month of the time for allowance of demands (sect. 387). Sections 390, 391, and 392 provide, that the assignee shall apply for a discharge after notice ; and any person interested may file objections to his discharge, which must be passed upon by the circuit court.

Generally, in other states, the statutory provisions as to assignment seem to contain some provision by which notice is given to creditors of the allowance of all claims. Burrill on Assign., sects. 429–433. In Missouri, in view of the new clause under consideration, it would appear that some claims may be allowed of which the general creditors may have no notice, and that, as to these claims presented after the time, under the discretionary powers given to the

assignee, the opportunity to appeal may be lost unless the creditors, at periods of not more than ten days from the date of the time fixed for allowing demands, make inquiry of the assignee as to any subsequent allowances. In case of collusion, the assignee might be liable upon his bond ; and the remedy would seem to be in opposing his discharge. The new provision appears to impair the symmetry of the statute ; and, as we have said, there seems to have been an omission to provide for notice to creditors. The law being as it is, we cannot say the assignee had no jurisdiction to make this allowance without notice ; nor can it be said that his so doing made his judgment erroneous or irregular. If he is to give notice, what notice could he give except that provided in case of other demands? Is the settlement of the estate to be deferred five weeks for each case of an omission which the assignee may regard as warranting his action upon the omitted claim? How are the expenses of the notice to be met? As to all this the act is silent.

So far as the appellant Hauessler is concerned, however, he had notice in the present case. He took an appeal, and there was a trial anew upon the merits, in which the demand was proved legally by sufficient evidence. Had there been an irregularity in allowing this claim without notice, it would seem that the appearance of Haeussler in the circuit court, and the trial *de novo* there upon the merits, would cure the irregularity as in case of an appeal from a justice of the peace, so far as the rights of this appellant are concerned.

We see no error to warrant a reversal of the judgment, and it will be affirmed. Judge LEWIS is absent ; Judge THOMPSON concurs.