Wolf v. Harrington.

---

SIMON WOLF *et al.*, Respondents, v. H. F. HARRINGTON *et al.*, Appellants.

St. Louis Court of Appeals, December 3, 1889.

Justice of the Peace: PROSECUTION OF APPEAL FROM. If notice of an appeal from a justice be not given, when required by the statute, the appellee's right, on account thereof, to an affirmance of the justice's judgment is not affected by his special appearance in the circuit court, both at the return term, and at the next succeeding term, for the purpose of moving for such affirmance.

*Appeal from the St. Louis City Circuit Court.*—HON. JAS. E. WITHROW, Judge.

AFFIRMED.

*Rowe & Morris*, for the appellants.

A voluntary appearance cures all the defects of process. *Whiting v. Budd*, 5 Mo. 443; *Reppstein v. Ins. Co.*, 57 Mo. 86; *Peters v. Railroad*, 59 Mo. 406; *Rice v. Railroad*, 3 Mo. App. 27; *In re Uhrig Brewery*, 11 Mo. App. 387. When notice is required on appeal from a justice, but is not given, the appellee may appear at any term, subsequent to the return term, to ask an affirmance, but he may not voluntarily appear for that purpose, at the return term, and, if he does so, he waives his right to notice. *Nay v. Railroad*, 51 Mo. 576; *Perry v. Trust Co.*, 75 Mo. 430.

*Virgil M. Harris*, for the respondents.

To waive the right to notice, the appellant must appear generally, or to the merits of the cause. *Page v. Railroad*, 61 Mo. 78; *Rowley v. Hinds*, 50 Mo. 403; *Blunt v. Railroad*, 55 Mo. 157.

ROMBAUER, P. J., delivered the opinion of the court.

The only error assigned on this appeal is that the circuit court erred in affirming a judgment of a justice of the peace, on the ground that the appellant from the justice had failed to give notice of appeal to his adversary, as required by section 3055, Revised Statutes of 1879.

The record shows that the plaintiffs recovered judgment before the justice, from which the defendants appealed on a day subsequent to its rendition. The appellee appeared at the return term of the appeal in the circuit court, *for that purpose only*, and

moved to affirm the judgment, for want of notice of appeal. He did not press his motion to a hearing at that term, but, at the subsequent term, renewed it, and it was sustained by the court, and the judgment of the justice was affirmed.

The defendants claim that the appearance of the appellee at two consecutive terms was a waiver of notice of appeal, and cite some cases showing that a general appearance to the merits will have that effect. These cases are not in point. It is well settled that an appearance, for the purpose of seeking an affirmance, for want of notice, is not such an appearance as will confer jurisdiction on the court, over the appellee's person. *Rowley v. Hinds*, 50 Mo. 403; *Page v. Railroad*, 61 Mo. 78. Were the rule otherwise, the appellee could never obtain an affirmance, for want of notice of appeal, and the provisions of the statute (section 3057) would be nugatory. The question is not whether the appellee was cognizant of the appeal, but whether he was served with statutory notice. It is conceded, in this case, that no such notice was ever given, and the action of the court, in affirming the judgment at the term succeeding the return term of the appeal, was therefore proper. The judgment is affirmed. All the judges concur.