Crosby v. Clary.

EDWIN T. CROSBY, Appellant, v. THOMAS C. CLARY, Respondent.

Kansas City Court of Appeals, January 5, 1891.

1. **Appellate Practice:** ABSTRACT: ADMITTED STATEMENT. In this case, though appellant failed to file an abstract of the record as required by rule 15 and in lieu thereof filed a mere statement, which on objection would be a wholly insufficient compliance with said rule, and warrant a dismissal of his appeal, yet as respondent raised no such objection but admitted the correctness of the statement with one exception, and there is set forth so much of the record as is necessary to a full understanding of the question presented for decision, the appeal is not dismissed.

2. ————: RECORD : CERTIFICATE OF CLERK : BILL OF EXCEPTIONS. The certificate of the clerk as to certain entries in the trial judge's docket filed in the appellate court after the filing of the transcript, but not included in the bill of exceptions, is no part of the record, and cannot be considered by the appellate court.

3. **Trial Practice:** APPEAL FROM JUSTICE'S COURT: NOTICE OF APPEAL. Where an appeal from a justice is not allowed on the same day when the judgment is rendered, the failure of the appellant to notify the other party of the appeal is such failure to prosecute the appeal as will warrant the affirmance of the judgment or the dismissal of the appeal, and it is mandatory on the trial court so to do, as such notice is necessary to bring the appellee into court and give the court jurisdiction.

*Appeal from the Jackson Circuit Court.*—HON. JAS. GIBSON, Judge.

REVERSED AND REMANDED.

*Vories & Buchanan,* for appellant.

(1) The court erred in rendering judgment for the defendant. Where no notice of appeal is served on the respondent, it is mandatory on the circuit court to either affirm the judgment of the justice or dismiss the appeal. *Cooksey v. Railroad,* 17 Mo. App. 132; *Rowley v. Hinds,* 50 Mo. 403; *Purcell v. Railroad,* 50 Mo. 504; *Page v. Railroad,* 61 Mo. 78; *Town of Brownsville v. Rembert,* 63 Mo. 393; *Parmerlee v. Williams,* 71 Mo. 410; *White v. Van Houten,* 51 Mo. 575; *Talbot v. Hore,* 17 Mo. App. 175. (2) The circuit court erred in overruling plaintiff's motion to set aside judgment and affirm the judgment of the justice. *McCabe v. Lecompte,* 15 Mo. 78; *Wolf v. Harrington,* 38 Mo. App. 278; *Riddle v. Gillispie,* 67 Mo. 278.

*C. W. Freeman,* for respondent.

(1) If the plaintiff was in court by appearance or waiver of notice, then, if he felt aggrieved for any cause at the action of the court in rendering judgment against him, he should have filed his motion to set aside the same within four days after the rendition thereof. This is not a case where the record is irregular or where jurisdiction is wanting. R. S., secs. 2240–2243. (2) The appellant's authorities quoted in his brief state the law correctly as applicable to the facts as stated by him, but he omits in his statement of the case a very material fact, viz., the acts showing appearance and waiver of notice as shown by the clerk's certificate.

SMITH, P. J.—Rule 15 requires that in all cases the appellant shall file with the clerk of this court, on or before the day next preceding the day on which the cause is docketed for hearing, five copies of a printed abstract or abridgment of the record in said cause, setting forth so much thereof as is necessary to a full

understanding of all the questions presented to this court for decision, together with a brief containing in numerical order the points or legal propositions relied on, with citation of such authorities as counsel may desire to present in support thereof. The plaintiff in this case makes no pretense that he has met the requirements of this rule. He has filed a "statement" of the case which is by no means an abstract or abridgment of the record, and which would not ordinarily be so considered by us. "The statement" of the plaintiff is that the defendant, within ten days after judgment was rendered for plaintiff by the justice of the peace, appealed to the circuit court of Jackson county; that no notice of the appeal was served either on the plaintiff or his attorney, nor did the plaintiff enter his appearance *or do any act waiving such notice.* At the second term of the circuit court after the appeal was taken the cause was called, and the plaintiff not appearing the defendant had judgment. Later on, and during the same term of the court, the plaintiff filed a motion to set aside the judgment, which had been rendered against him, and to affirm the judgment of the justice. This motion alleged as grounds therefor, that the October term was the second term of said court after the appeal was taken, and no notice of such appeal had been given plaintiff. It was verified by the affidavit of plaintiff's attorney. The court overruled the motion, to which the plaintiff duly excepted.

The defendant has lodged no objection here to the appeal on account of this neglect of plaintiff. If he had done so we should probably have been bound to have dismissed it. The defendant files his brief preceded *by* the admission that "the statement" made by appellant in his brief in this cause is correct, with the exception, viz.: He says, "Nor did plaintiff enter his appearance *or do any act waiving such notice.*" Respondent does not claim that appellant formally entered his appearance as provided by the statute, but

Crosby v. Clary.

that he did do some act by which he waived the notice required by the statute. The defendant has filed, since the present term begun, a certificate of the clerk of the circuit court, showing that it appears upon the docket of the judge of the court in the column for names of attorneys for the respective parties, in the handwriting of the judge this entry, to-wit: "Johnson as attorney for plaintiff" and "Freeman as attorney for defendant." This certificate is no part of the record in the case. It was not included in the bill of exceptions, and is therefore no part of the record before us. The facts embraced in the clerk's certificate might have been introduced in evidence before the circuit court upon the hearing of the motion, and perhaps was; but we cannot consider such facts, because the same are not in the record to which we are limited in our examination of the case.

While the "statement" of the record as made by plaintiff is quite meager, yet as it is admitted by the defendant to be correct except in one particular, and as it sets forth so much of the record as is necessary to a full understanding of the question presented for our decision, we shall not dismiss the appeal. The certificate of the clerk, tending to show a waiver of notice of the appeal by the plaintiff, cannot be considered by us. The case must be considered as if such certificate had not been filed as a paper in the cause. It must be wholly disregarded by us. The question then is whether upon the statement of facts, conceded to be true, the circuit court erred in overruling the motion to set aside its judgment, and to affirm the judgment of the justice. It is well settled in this state that, when an appeal from a justice is not allowed on the same day when the judgment is rendered, the failure of the appellant to notify the other party of the appeal before the second term of the circuit court thereafter is such failure to prosecute the appeal as will warrant an

affirmance of the judgment. *Rowley v. Hinds*, 50 Mo. 403 ; *Purcell v. Railroad*, 50 Mo. 504 ; *Page v. Railroad*, 61 Mo. 78 ; *Brownsville v. Rembert*, 63 Mo. 393 ; *Parmerlee v. Williams*, 71 Mo. 410 ; *McCabe v. Lecompte*, 15 Mo. 78. The failure to give the required notice before the second term is a failure to prosecute the appeal. *Rowley v. Hinds, supra; Nay v. Railroad*, 51 Mo. 575. When no notice of the appeal is served on the appellee, it is mandatory on the circuit court to either affirm the judgment or dismiss the appeal.

The notice to the appellee was necessary to bring him into the circuit court, without which the court would have no jurisdiction to adjudicate upon the case otherwise than pointed out in the statute. R. S., sec. 3057 ; *Cooksey v. Railroad*, 17 Mo. App. 132. There being no waiver of the notice of appeal the power of the court was limited to a dismissal of the appeal or the affirmance of the judgment ; applying these principles to the conceded facts of the case in hand, and it is quite clear that the circuit court erred in overruling the motion to set aside the judgment and to affirm the judgment of the justice of the peace. The judgment of the circuit court is reversed, and cause remanded with directions to affirm the judgment of the justice of the peace.