MICHAEL A. HAMMEL *et al.*, Respondents, v. JOHN WEIS, Appellant.

St. Louis Court of Appeals, April 25, 1893.

1. **Justices' Courts**: NOTICE OF APPEAL: PRESUMPTIONS. The transcript of a justice of the peace recited the rendition of judgment for the plaintiff, also that the defendant had, on the same day, filed the affidavit and signed the bond for an appeal, and that the justice had on the next day approved the bond and allowed the appeal. The approval of the bond bore the latter date. *Held*, that it must be presumed that the bond was not executed by the surety thereto until the date of its approval, and accordingly that statutory notice of the appeal was requisite.

2. ———: ———. When notice of an appeal from a justice of the peace is required under the statute in relation thereto and is not given, it is the imperative duty of the circuit court at the second term after the appeal is taken to either affirm the judgment or dismiss the appeal, as the plaintiff may elect.

*Appeal from the St. Louis City Circuit Court.*—HON. W. W. EDWARDS, Special Judge.

AFFIRMED.

*I. C. Terry*, for appellant.

*J. L. Hornsby*, for respondents.

BIGGS, J.—The statute (Revised Statutes, 1889, sec. 6342) regulating appeals from judgments rendered by justices of the peace, provides in substance that, if an appeal is not allowed on the same day on which the judgment is rendered, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause is to be determined, with a notice in writing, stating the fact that an appeal has been taken. Section 6344 of the statute reads: "If the appellant shall fail to give such notice at least ten

days before the second term of the appellate court after the appeal is taken, the judgment shall be affirmed or the appeal dismissed, at the option of the appellee."

In the case at bar the plaintiffs obtained a judgment against the defendant before a justice of the peace. An appeal was taken which was returnable to the June term of the circuit-court. At the October term of said court, on motion of the plaintiffs, the judgment was affirmed for failure to give notice of the appeal. The defendant appeared during the term, and moved the court to set aside the judgment of affirmance for the reason that the appeal was taken on the day of the trial. The court overruled the motion, and the defendant has appealed.

The judgment before the justice was rendered on the second day of May, 1892. That portion of the transcript of the justice, which is material, reads: "May 2, 1892, the defendant, John Weis, makes and files affidavit praying for an appeal, also *signed bond* for appeal. May 3. Bond approved, and appeal *allowed* to the circuit court of the city of St. Louis, Missouri." The appeal bond shows that it was attested and approved on the third day of May, 1892.

If the transcript showed affirmatively that the bond was signed by the surety on May second (the day of trial), then we might well consider the argument that, as the defendant had done everything the law required of him in order to perfect his appeal, he could not be prejudiced by the delay of the justice in approving the bond and noting the allowance of the appeal on his docket. The record, however, only recites that the *defendant* signed the bond on May second. When it was signed by the surety does not appear. As the statute provides that no appeal shall be *allowed* by a justice, unless the appellant or some one for him with one or more solvent sureties shall enter into a recognizance to

be approved by the justice, the presumption arises in the present case that the defendant's appeal bond was *not completed* until May third, the day on which it was approved and the appeal allowed. Such presumption rests on the theory of right action, which supports the official acts of all public officers when there is no evidence of actual dereliction of official duty.

The conclusion necessarily follows that the appeal was not taken on the day of trial but on the succeeding day; hence notice of the appeal was required, and, as it was not given, it was the imperative duty of the circuit court at the second term after the appeal was taken to either affirm the judgment or dismiss the appeal, as the plaintiffs might elect. *Rowley v. Hinds*, 50 Mo. 403; *Purcell v. Railroad*, 50 Mo. 504; *Page v. Railroad*, 61 Mo. 78; *Town of Brownsville v. Rembert*, 63 Mo. 393; *Town of Carrollton v. Rhomberg*, 78 Mo. 547; *Dooley v. Railroad*, 83 Mo. 103; *Cooksey v. Railroad*, 17 Mo. App. 132; *Holdridge v. Marsh*, 28 Mo. App. 283; *Earl v. Hart*, 89 Mo. 263.

By the affirmance of such a judgment is not meant, as counsel argues, a vitalizing of the judgment before the justice, for the effect of the appeal was to absolutely vacate such judgment. The judgment of the circuit court is new and independent, and is one of recovery against the appellant and surety on the appeal bond. It is analogous to a judgment by default. The appellant having entered his appearance by taking his appeal and having failed to give notice of the appeal, the appellee is entitled upon the record itself without the introduction of any evidence to a judgment.

With the concurrence of the other judges the judgment will be affirmed. All the judges concur.