WILLIAM BEERS, Respondent, vs. ATLANTIC & PACIFIC RAIL-ROAD COMPANY, Appellant.

1. *Justice of peace—Default—Motion to set aside—Appeal, etc.*—It is immaterial upon what ground a motion to set aside a default before a justice of the peace is made, or overruled. The only pre-requisite to the appeal, is the filing and overruling of the motion.

2. *Justice court—Appeal—Motion to dismiss—Affirmance of judgment.*—The Circuit Court has no power, after sustaining a motion to dismiss an appeal from a justice of the peace, to affirm the judgment of the justice. But such error may be corrected in the Supreme Court without sending the case back.

*Appeal from Crawford Circuit Court.*

*J. N. Litton.* for Respondent.

*Lay & Belch, and N. G. Clark,* for Appellant.

ADAMS, Judge, delivered the opinion of the court.

This was an action commenced before a justice of the peace, against the defendant, on the statute for double damages, for killing an ox belonging to plaintiff. The defendant was duly summoned but failed to appear, and the justice rendered a judgment by default against the defendant. In due time the defendant appeared before the justice and filed a motion to set aside the default, which motion was overruled and the defendant appealed to the Circuit Court. In the Circuit Court the plaintiff filed a motion to dismiss the appeal upon the ground that the defendant had not paid or offered to pay the costs of the suit when the motion to set aside the default was made and acted on. On the trial of this motion in the Circuit Court, the plaintiff introduced the affidavit of the justice, who swore that the costs were not paid or tendered when the motion was overruled by him. The court thereupon sustained the motion, but did not dismiss the appeal, but rendered judgment affirming the judgment of the justice. And to this action of the court, the defendant duly excepted and has brought the case here by appeal.

Where a justice renders a judgment by default, a motion to set the same aside must be filed and overruled before an appeal can be allowed. (Wagn. Stat., 832, § 17.)

The justice may overrule it when he is satisfied that no good cause is shown.  Or he may overrule it because the party does not pay or offer to pay the costs.  But whether it be overruled for one reason or the other, or for no reason at all is wholly immaterial.  The action of the justice in overruling it is the only necessary pre-requisite to an appeal. (Wagn. Stat., 847, § 2.) Upon the filing of the papers by the justice in the clerk's office, the Circuit Court becomes possesssed of the cause and is required to proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings of the justice.  (Wagn. Stat., 849, § 13.)  There seem to be no defects in the proceedings of the justice; but, if there had been, this section would cure it.

After sustaining the motion to dismiss the appeal, the court had no power to affirm the judgment.  But the court might have corrected that error here without sending the case back.

The court however erred in sustaining the motion to dismiss the appeal, and for this error the case must be remanded.  There seems to be no other error in the record.

Judgment reversed and cause remanded.  The other judges concur.