GEORGE PALMER, Respondent, *vs.* THE KANSAS CITY, ST. JO. & COUNCIL BLUFFS R. R. Co., Appellant.

---

GEORGE PALMER, Respondent, *vs.* SAME, Appellant.

---

MICHAEL ALLEY, Respondent, *vs.* SAME, Appellant, No. 1.

SAME, Respondent, *vs.* SAME, Appellant, No. 2.

---

RICHARD BUIS, Respondent, *vs.* SAME, Appellant, No. 1.

SAME, Respondent, *vs.* SAME, Appellant, No. 2.

---

W. CUMMINGS, Respondent, *vs.* SAME, Appellant.

---

CLEMENS GERLK, Respondent, *vs.* SAME, Appellant, No. 1.

SAME, Respondent, *vs.* SAME, Appellant, No. 2.

---

TAYLOR MILLIGAN, Respondent, *vs.* SAME, Appellant.

---

ALFRED SUTTON Respondent, *vs.* SAME, Appellant.

---

RICHARD COCHRANE, Respondent, *vs.* SAME, Apoellant.

---

HERMAN SAUNDERS, Respondent, *vs.* SAME, Appellant.

---

DUGALD McCALE, Respondent, *vs.* SAME, Appellant.

---

HENRY THOLE, Respondent, *vs.* SAME, Appellant.

---

WALTHER FRIDAY, Respondent, *vs.* SAME, Appellant.

---

JOSEPH W. PEYTON, Respondent, *vs.* SAME, Appellant.

1. *Justices' courts, appeal from—Payment of costs not a pre-requisite—Constr. Stat.*—Payment of costs is not a pre-requisite to the right of appeal from a justice's court, where motion to set aside a default has been filed and overruled. The filing and overruling of such motion is the only *sine qua non* to that right. (See 2 Wagn. Stat., 846-7, §§ 1, 2; also Beers vs. Atl. & Pac. R. R., 55 Mo., 292.) The statute of 1855 (R. C., 1855, 953, § 17; see also Wagn. Stat., 832, § 17) in no manner abridges the right of appeal. The intent of that law was merely to prevent a justice from prescribing any other conditions than payment of costs, for setting aside a default.

*Appeal from Andrew Circuit Court.*

*Greenlee and Hall & Oliver*, for Appellant.

*J. P. Altgeld*, for Respondent.

ADAMS, Judge, delivered the opinion of the court.

The foregoing cases all turn upon the same point and are therefore considered together. They all originated before a justice of the peace where judgments by default had been rendered, and the defendant filed motions before the justice in due time, to set aside the default, but did not pay or offer to pay the costs. The justice of the peace overruled these motions and the defendant appealed to the Circuit Court.

In the Circuit Court the plaintiffs filed motions to dismiss the appeals, upon the alleged ground that the defendant had not paid or offered to pay the costs in the justice's court when it filed motions to set aside the defaults.

These motions were sustained; and to the action of the court in sustaining the motions and dismissing the appeals the defendant excepted and has brought the cases here by appeal.

This very point was before this court at the January Term, 1874, at Jefferson City, in Beers vs. Atlantic & Pacific R. R. Co., (55 Mo., 292,) in which we held that payment of costs was not a pre-requisite to the party's right to an appeal, where a motion had been filed and overruled to set aside the default.

It is urged here that the justice had no jurisdiction to act on the motion to set aside the default, till the costs were actually paid by the defendant. It will be observed, that the

subjects of defaults and appeals are contained in two separate articles of the chapter concerning Justices' Courts. By reference to the article concerning appeals, it will be seen that a party is allowed an appeal on all judgments, except judgments by confession; and that the only pre-requisite in taking an appeal from a judgment by default is, that a motion should have been made before the justice and overruled. (See Title, Justices' Courts, Art. 9, 2 Wagn. Stat., 846; §§ 1, 2.)

There is nothing in Art. VI, concerning defaults, which in any manner abridges this right to an appeal. By § 17 of that Article (2 Wagn., 832) it is enacted, that "every justice of the peace shall have power on the application of the party aggrieved, or his agent, and for good cause shown, to set aside the judgment of non-suit and by default, above directed, upon payment of all the costs then accrued."

This was the language of the statute of 1855. (See R. C., 1855, p.953, §17.) This statute gave the justice no power to prescribe any other terms than payment of costs on setting aside a default or non-suit. The statute is peremptory; he must require the costs to be paid, but he cannot require anything further from the defendant than payment of costs, when a motion to set aside is sustained. He may require this and the law itself requires it; and if they are not paid, no matter how good the cause may be for setting aside the default, he must overrule the motion. The party is not prohibited, however, from making the motion; but the justice must overrule it unless the costs be paid.

Under the Revised Statutes of 1845, the justice had the right to prescribe the terms on which he would set aside non-suits and defaults. That statute uses precisely the same language as the present statute, except it declares that the justice shall have power, for good cause shown, to set aside the default "upon such terms as shall be just."

It was to prevent a justice from prescribing any other terms than payment of costs in setting aside defaults, that this language was changed in the revisions of 1855 and 1865. Before, it was left to the justice to prescribe the

terms, and he might have added additional terms to that of payment of costs. Now, the law itself prescribes the terms on which defaults may be set aside. If the party neg-lects or refuses to avail himself of these terms the justice must overrule his motion. It was not contemplated that the party should pay costs to entitle himself to make the motion.

If good cause was shown the justice might sustain the motion on payment of costs, or he might overrule it, either because no good cause was shown, or because the costs were not paid. But whether the motion was overruled for one cause or the other is wholly immaterial in regard to the party's right to an appeal.

The law expressly allows an appeal on all judgments except judgments by confession.

Under this view these judgments will be reversed and the causes remanded; the other judges concur; Judge Sherwood absent.