————o————

JAMES HOOKER, Respondent, *vs.* ATLANTIC & PACIFIC RAILROAD COMPANY, Appellant.

1. *Justices' courts—Non-payment of costs—Appeal, right of.*—Where a motion to set aside a judgment by default before a justice of the peace has been overruled, the party has a right of appeal, notwithstanding his non-payment of costs.

2. *Justices' courts—Appeal—Dismissal—Judgment on bond.*—Where an appeal from a justice of the peace is dismissed, the court has no authority to affirm

the judgment of the justice and render judgment against the parties to the appeal bond.

*Appeal from Laclede Circuit Court.*

*J. N. Litton,* for Appellant, cited : Beers vs. A. & P. R. R. Co., 55 Mo. 292 ; Palmer vs. K. C., St. Joe. & C. B. R. R., 57 Mo. 250 : Garnet vs. Rogers, 52 Mo. 145 ; Kinser vs. Shands, 52 Mo. 326.

Respondent not represented.

HOUGH, Judge, delivered the opinion of the court.

This action originated before a justice of the peace, by whom a judgment was rendered by default against the defendant.

A motion was made to set aside this judgment, which was overruled by the justice, because the defendant refused to pay the costs which had accrued. The defendant thereupon appealed to the circuit court, where the plaintiff filed a motion to dismiss the appeal, for the reason that the motion to set aside the judgment by default was properly overruled by the justice, in consequence of the refusal of the defendant to pay the costs. This motion the court sustained, but rendered a judgment affirming the judgment of the justice and against the defendant and its security in the appeal bond. From this judgment of the circuit court the defendant has appealed to this court.

No appeal can be taken from a judgment by default rendered by a justice of the peace, unless application shall have been made by the party aggrieved, to set the same aside, and such application shall have been refused. (Wagn. Stat. art. 9, § 2, Justice's Courts.) Nor can a justice set aside a judgment by default, except upon payment of all costs then accrued. (Wagn. Stat., Justices' Courts, art. 6, § 17.)

But it has been distinctly decided by this court, that when the motion to set aside the default is overruled, no matter for what reason, there is a right of appeal. (Beers vs. A. & P. R. R., 55 Mo. 292 ; Palmer vs. K. C., St. Jo. & C. B. R. R., 57 Mo. 249.) Sixteen other cases, involving the same point, are reported as having been determined by this last case, and the whole ques-

tion was there fully investigated and carefully considered.. The circuit court erred, therefore, in dismissing the appeal, and for this error its judgment must be reversed.

It may be well to observe, in this connection, that when an appeal is dismissed the court has no authority to affirm the judgment of the justice and render judgment against the parties to the appeal bond.

The judgment is reversed, and the cause remanded. Judge Wagner absent ; the other judges concur.