E. E. HATHAWAY, Respondent, v. ST. LOUIS, KENNETT & SOUTHERN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 29, 1902.

1. **Practice, Trial:** MOTION TO QUASH EXECUTION: JUDGMENT: EXECUTION: ERROR. A motion to quash an execution, filed at a term after the judgment in a cause has become final, is not available to correct judicial error in the judgment itself.

2. **Justices' Courts:** APPEAL: NOTICE OF APPEAL: PRACTICE, TRIAL: CHANGE OF VENUE: STATUTORY CONSTRUCTION. Where a cause is appealed from a justice of the peace by defendant and the latter files an affidavit for change of venue at the return term of the appeal, but gives no notice of appeal before the second term, the justice's judgment may be affirmed or the appeal dismissed at the option of the appellee (R. S. 1899, sec. 4076).

3. ——: ——: ——. Prior to the enactment of section 4076 (R. S. 1899), failure to give notice of appeal was a failure to prosecute and would warrant an affirmance, but under said section either an affirmance or dismissal of appeal may occur in such case.

4. ——: ——: ——. Where an appellee in an appeal from a justice files a motion to dismiss the appeal and the court sustains the motion but thereafter, at the same term, enters a judgment of affirmance, the proceedings form no basis to quash an execution issued after the judgment becomes final.

5. Practice, Trial: MOTION TO QUASH EXECUTION: PROOF: RECORD: PRESUMPTION. When a motion to quash an execution is founded on facts outside the record in the case they must be established by proof at the hearing of the motion. If the record does not show what was put in evidence on said hearing, there is no error, as the appellate court will presume, in the absence of a different showing, that the ruling of the circuit court on the motion was correct.

6. ——: OBJECT OF ENTRIES: EFFECT OF LAST ORDER. In case of conflict between court entries on the same topic, the last order is of paramount authority.

7. ——: CONSTRUCTION OF ENTRIES IN RECORD. Records should be construed as to support, not defeat, judgments.

Appeal from Dunklin Circuit Court.—*Hon. J. L. Fort,* Judge.

Affirmed.

*John A. Hope* and *Giboney Houck* for appellant.

At the first term after the appeal the company filed application for change of venue, which was in proper form, sworn to by its president, alleging that the then judge of the court was so prejudiced against defendant that it could not have a fair and impartial trial, and that the opposite party had an undue influence over his mind. This application was ignored; it was neither sustained nor overruled; it was not considered at all. The statute says the court "shall consider the application," and if it be sufficient a change of venue shall

be awarded. Sec. 822, R. S. 1899. Failure to give notice of appeal authorizes dismissal of the appeal or affirmance of the judgment, at the option of the appellee; the circuit court can do one or the other, but not both. Sec. 4076, R. S. 1899.

*I. R. Kelso* for respondent.

(1) Our courts seem to follow this definition of jurisdiction: "Jurisdiction is defined to be the power to hear and determine the particular case involved." Gray v. Bowles, 74 Mo. 423. So, in this case, we find that there is no question raised about the jurisdiction of the court, of either the parties or the subject-matter. The amount involved was suit on account before a justice of the peace for $175 and as to jurisdiction of the parties. Appellant took the case to the Dunklin Circuit Court by appeal. It would seem unnecessary to argue this proposition or even cite authorities. Horstmeyer v. Connor, 51 Mo. App. 396. Gray v. Bowles, 74 Mo. 419; State v. Wear, 145 Mo. 162. (2) The trouble with counsel for appellant in this case is that they confound the distinction between jurisdiction and errors committed in the exercise of jurisdiction. For in this case the court had jurisdiction of the parties and the subject-matter, and if the court committed error in the trial of the cause or in entering up the judgment, then the appellant herein should have appealed from the judgment or sued out writ of error. And the reason for this doctrine is fully set forth in the case of Horstmeyer v. Connor, 51 Mo. App. 396; Gerhart v. Brady, 72 Mo. App. 138.

BARCLAY, J.—January 19, 1897, E. E. Hathaway began suit against the railroad company before a justice of the peace of Dunklin county, to recover an alleged debt of one hundred and seventy-five dollars. Judgment by default was duly rendered against the company. It appealed to the circuit court. The transcript was lodged in the latter court,

February 8, 1897. At the first term thereafter, July 10,. 1897, the company filed an application for a change of venue, based on alleged prejudice of the judge of the circuit court. The application was duly verified, as appears by the jurat bearing the same date as that on which the application was filed.

Nothing appears in the record to show any action of the court upon the application for a change of venue.

January 11, 1898, at the second term of the circuit court after the appeal from the justice was taken, plaintiff filed a motion to dismiss the appeal on the ground that the appellant had failed to give notice thereof, as required by law, prior to said second term of the circuit court after the appeal. The motion to dismiss averred that the appeal had been taken at a day later than that on which the judgment against defendant was rendered by the justice.

On January 17, 1898, the circuit court made the following entry which we copy at large, inasmuch as there is a dispute touching its legal effect:

"Comes now the plaintiff appellee herein, and the defendant though duly called comes not, but makes default; and the motion to dismiss the appeal herein heretofore taken from the judgment of the justice is taken up, and after having seen and heard the same, and being fully satisfied in the premises, the court doth order and adjudge that said motion be, and the same is hereby sustained, and the appeal herein be dismissed; and the court having heard testimony and advised in the premises, it is hereby ordered and adjudged by the court that the judgment of the justice heretofore rendered herein in favor of the plaintiff and against the defendant in the sum of one hundred and seventy-five dollars, and the costs of suit be, and the same is hereby affirmed, and declared to be the judgment of this court. It is, therefore, ordered and adjudged that the plaintiff recover of and from the defendant

Hathaway v. St. L., K. & S. Ry. Co.

the costs and charges in this behalf expended and have hereof execution therefor."

Nothing further occurred in the cause at the term at which the foregoing judgment was entered. Later, in 1899, on application of the plaintiff, an execution was issued on the above-mentioned judgment. The execution recited that on January 17, 1898, said plaintiff recovered against said defendant $175 for damages and debt, and also the sum of $1.75 for his costs, and commanded the sheriff to cause to be made the said damages, debt and costs of the goods, chattels and real estate of the said defendant, and to make return, etc. The execution was returnable to the March term, 1900, of the circuit court. While this execution was alive, the sheriff levied upon a passenger coach of the defendant and advertised it for sale. Defendant then applied to the circuit judge in vacation to quash the execution, under the provisions of section 3223 (R. S. 1899). The learned judge, upon the giving of security as required by section 3224, made an order for a stay and returned the papers into court as provided by section 3225 (R. S. 1899).

The grounds of this application to quash the execution will appear further on.

The plaintiff thereafter made a motion to set aside the order staying the execution. That motion was heard along with the defendant's motion to quash. The trial court, upon due consideration, overruled defendant's motion to quash, and sustained the plaintiff's motion to set aside the previous stay. The court further directed the clerk to issue execution on the judgment according to its terms. From these orders defendant appealed in the usual way.

1. The first contention of the defendant is that the filing of the application for a change of venue deprived the circuit court of any further jurisdiction to take any step in the cause.

It will be noticed that the application for a change of

venue was filed at the first term after the appeal from the justice. No notice of appeal had then been given, nor was any notice given before the second term.

The application for a change of venue did not dispense with the necessity for giving notice of the appeal. Evans v. Railroad, 58 Mo. App. (St. L.) 427. There is nothing before this court to show that the application to change the venue was ever called to the court's attention. But be that as it may, the right to insist upon it was undoubtedly lost by the failure to give notice of appeal before the second term of the circuit court ensuing after the justice rendered judgment in the cause.

2. Defendant next contends that the judgment, as already quoted, will not support an execution because it contains a judgment of affirmance, whereas the plaintiff, by his motion to dismiss the appeal, had elected to adopt the latter alternative which the statute permitted him to do (R. S. 1899, sec. 4076).

The judgment was rendered at the same term of court at which the motion to dismiss the appeal was filed and sustained. It was entirely competent for the court (certainly with the assent of the plaintiff) before the lapse of the term, to change its judgment of dismissal into an affirmance, under the statute just mentioned. Even if this were not so, the action of the court in affirming the judgment, instead of dismissing the appeal, would be merely a judicial error which would not furnish a ground to quash the execution issued upon the judgment, after the latter became final. It might, perhaps, form a ground for invoking the usual remedies for correcting judicial error. But, after the term lapsed, a mere motion to quash the execution would not lie upon such a ground.

Defendant insists that the filing of the motion to dismiss the appeal constituted an election by the plaintiff under section 4076 (R. S. 1899); and that, when the appeal was

dismissed, the court had no jurisdiction to affirm the judgment. It is claimed that the judgment is void for these reasons. Plaintiff cites to sustain this claim, Beers v. Railroad, 55 Mo. 292, and Hooker v. Railroad, 63 Mo. 449.

In both of those cases it was held that, after a motion to dismiss the appeal had been sustained, it was improper for the court to affirm the judgment. But those cases were rendered under the law existing before the enactment of section 4076 (R. S. 1899). That section was a new enactment in the revision of 1879 (sec. 3057). It was obviously passed to change the rule declared in the cases of Beers and Hooker, above mentioned. At the time when those cases were decided it was held that a failure to give notice of appeal before the second term of the circuit court was a failure to prosecute the appeal within the meaning of a statute then existing, which is the same as section 1557 (R. S. 1899) except that in the section as it now stands the words "probate court" appear in addition to the language appearing in the old section. Wagner's Stats. 1872, p. 844, sec. 16. Such a failure to prosecute the appeal warranted an affirmance of the judgment of the justice. Rowley v. Hinds, 50 Mo. 403; Purcell v. Railroad, 50 Mo. 504; Nay v. Railroad, 51 Mo. 575; Brownsville v. Rembert, 63 Mo. 393.

The passage of what is now section 4076 was intended to simplify the procedure in the circuit court, on appeals from justices. It clearly authorizes the court to affirm the judgment of the justice, if the appellee so desires.

Even if the "judgment" in the case at bar be construed to adjudge both a dismissal of the appeal and an affirmance of the judgment, it could not properly be corrected by a mere motion to quash the execution, filed after the close of the term at which it was entered. Some other forms of corrective would be necessary to cure its errors, if any it has.

It is our opinion, however, that the entry should be taken to mean an affirmance of the judgment, as that is the last or-

·der.   It is our duty to give, if possible, such a meaning to the records of trial courts as will support and not defeat their judicial action.   It is plain that the entry of the circuit court in ·question here is intended to embody an affirmance of the judgment of the justice.   The presence of the plaintiff appellee at the time of the rendition of said judgment must be taken to amount to an assent thereto.

In construing the records of courts it is the last judgment which must be taken as of paramount authority in case of any conflict between that entry and former ones relating to the same topic.   If there was any error in the so-called· "judgment" its correction, we repeat, is beyond the reach of a motion to quash.

3.   The motion to stay and quash the execution was ·founded on a number of grounds besides those to which we have adverted.   It is claimed, among other things, for example, that defendant has been garnished in an attachment proceeding against the plaintiff and that the garnishment proceeding was still pending.   It is further claimed that the levy was grossly excessive and oppressive.   No evidence was ·offered in support of those grounds, other than the mere verification of the motion.

A motion to quash an execution, based on facts outside the record in the case, must be established by proof upon the ,hearing of the motion.   In the case at bar, the record shows there was a hearing of the motion, but what, if any, facts were then put in evidence does not appear.   The presumption of correct action applies to the trial court's ruling in such circumstances.

4.   None of the assignments of error is valid.   The judgment is affirmed.   *Bland, P. J.,* and *Goode, J.,* concur.