BRENNAN, Respondent, v. MAULE, JR., Appellant.

St. Louis Court of Appeals, November 15, 1904.

1. **DAMAGES: Punitive Damages: Verdict.** Actual damages in at least a nominal sum must be found as a condition for the recovery of punitive damages; a verdict for punitive damages only is error.

2. ———: ———: **Voidable Judgment.** But a judgment rendered upon a verdict for punitive damages only is not void.

3. ———: ———: ———: **Collateral Attack: Motion to Quash Execution.** Though irregular, such a judgment can not be impeached by collateral attack, such as a motion to quash the execution issued thereon.

4. **PRACTICE: Motion to Quash Execution: After Term Too Late.** A motion to quash an execution issued at a term succeeding the rendition of the judgment, was too late.

Appeal from St. Louis Circuit Court.—*Hon. J. R. Kinealy,* Judge.

AFFIRMED.

*J. P. Vastine* for appellant.

Actual damages must be found as a predicate for the recovery of exemplary damages. "When no actual damage has been sustained," as found by the jury, "no exemplary damages can be allowed," etc. Hoagland v. Amusement Co., 170 Mo. 335, 70 S. W. 878. Normal damages will sustain punitory. Mills v. Taylor, 85 Mo. App. 111; Ferguson v. Chronicle Pub. Co., 72 Mo. App. 462; Favorite v. Cottrell, 62 Mo. App. 119. If defendant committed no legal wrong, though his act resulted in damage to plaintiff, the law affords no remedy. It is *damnum absque injuria.* Land Co. v. Hudson Bros.' Com. Co., 138 Mo. 439, 40 S. W. 93.

*Chilton Atkinson* for respondent.

(1) A judgment founded upon a defective verdict will not be reversed unless a motion in arrest was made. Davidson v. Peck, 4 Mo. 446; Johnson v. Stredder, 3 Mo. 358; Griffin v. Samuel, 6 Mo. 50; Finney v. State, 9 Mo. 633; Biglow v. Railroad, 48 Mo. 510; Erdbruegger v. Meier, 14 Mo. App. 261; Parsons v. Randolph, 21 Mo. App. 362; Dobyns v. Rice, 22 Mo. App. 475; Sweet v. Maupin, 65 Mo. 65. (2) The motion to quash the execution was filed at a term after the judgment had become final, and is therefore not available to correct judicial error in the judgment itself. Hathaway v. Railway, 94 Mo. App. 343, 68 S. W. 109. (3)

The judgment in this case is not void, and the defect in the verdict is one of form, rather than of substance, which defendant might have waived. · As the jury made no finding at all on the question of compensatory damages, but gave a verdict in favor of plaintiff for punitive damages, the intention of the jury to find the whole issue of fact in favor of the plaintiff is evident. · Courtney v. Blackwell, 150 Mo. 245, 51 S. W. 668; Mills v. Taylor, 85 Mo. App. 116.

REYBURN, J.—In an action for slander in two counts, in the second of which both actual and punitive damages were prayed, a jury returned as its verdict the following:

"We the jury in the above-entitled cause find in favor of the defendant on the issues joined in the first count of the petition, in accordance with the instructions of the court.

"And we find in favor of the plaintiff on the issues joined in the second count of the petition and assess his actual damages thereon at the sum of —— dollars. And we assess his punitive damages at the sum of one hundred ($100) dollars."

Upon judgment on this verdict an execution was issued at the succeeding term of court. Thereupon defendant filed a motion to quash such writ of execution, assigning that it was a nullity and void; that the judgment upon which it was based was for defendant for actual damages and for plaintiff for punitive damages, and the court was without authority or jurisdiction to enter judgment against defendant, and for the overruling of this motion, this appeal is taken.

It is now settled in this State that actual damages in at least a nominal sum must be found as a condition for the recovery of exemplary or punitive· damages. Hoagland v. Amusement Co., 170 Mo. 335, 70 S. W. 878. But the judgment for such reason, as in this proceeding is not void, but at most voidable as supported by

a verdict irregular and defective. It is doubtful whether a judgment is ever entirely void unless there appears a total absence of jurisdiction to render it, but the judgment herein was merely erroneous and liable to be reversed, if not by the trial court when its attention was directed properly and seasonably to the infirmity, then by a higher court on appeal. But a judgment, rendered by a court of general jurisdiction, having jurisdiction of the parties, although erroneous or irregular, unless set aside by the tribunal in which it was rendered, or reversed in proper proceeding, can not be impeached or attacked by a party thereto collaterally. As stated by the United States Supreme Court: "The doctrine of this court, and of all the courts of this country, is firmly established, that if the court in which the proceedings took place had jurisdiction to render the judgment which it did, no error in its proceedings which did not affect the jurisdiction will render the proceedings void, nor can such errors be considered when the judgment is brought collaterally into question." McGoon v. Scales, 9 Wallace 23. If the policy of the law were otherwise, a judgment, though unreversed and not appealed from, would no longer be a final adjudication upon the rights of the parties thereto. "The rule against collateral impeachment applies to every judgment, order, decree or judicial proceeding, of whatever species, that is not absolutely void." 1 Black, Judgments (2 Ed.), secs. 170, 245, 246. The judgment herein indirectly attacked became conclusive after the lapse of the term at which it was rendered, and a motion to quash the execution issued at the next and succeeding term was too late, as well as not the proper method of correcting such error. Hathaway v. Railway, 94 Mo. App. 343, 68 S. W. 109.

The judgment is affirmed. All concur.