Town *v.* The Clerk of the Supreme Court.

Writs of error do not lie from the Supreme to the County Courts.

MOTION for a writ of error to the County Court.

M'Girk, C. J., delivered the opinion of the Court.

The case appears to be that the counsel for Mr. Town filed his præcipe with the Clerk, requiring him to issue a writ of error to the County Court of St. Louis county, to bring up a certain matter there decided and adjudged, wherein by law an (27) appeal does not lie to the Circuit Court. The Clerk refused to issue the writ, and an application is made to this Court to compel the Clerk to issue the writ. It is contended by Town's counsel that he is entitled to the writ by the third section of the fifth article of the Constitution of the State, which says the Supreme Court shall have a general superintending control over all inferior Courts of Law ; shall have power to issue writs of *habeas corpus*, mandamus, &c. ; that by this provision the writ should issue, notwithstanding the Legislature have not, by any enactment, provided for this case ; and notwithstanding the provision in the eighth section of the same article, which says, " the Circuit Court shall exercise a superintending control over all such inferior tribunals as the General Assembly may establish." It is contended that this superintending control of the Supreme and Circuit Courts is concurrent, and that the Supreme Court shall exercise this power.

It is contended on the part of the Clerk, that the single argument of inconvenience is a sufficient answer to this construction, for if it were as Town's counsel contends, then the consequence might be that at the same time the two Courts might have the same matter before them, and this would produce great inconvenience. It is also insisted by the Clerk's counsel, that when we take into view the words of the second section of the fifth article, which says the Supreme Court shall have appellate jurisdiction only, except in cases otherwise provided for by this Constitution, in connection with the two former clauses, the matter must be clear for the Clerk. The argument of inconvenience must, in doubtful cases, have a great weight ; it is agreed, and we think with great propriety, that the superintending control of the Supreme Court, given by the Constitution, is completely satisfied by the Legislature, when they limit that to appeals and writs of error from the Circuit Courts to this Court, leaving the writs of habeas corpus, mandamus, quo warranto, certiorari, and other original remedial writs given in the Constitution to the Supreme Court, untouched.

It is true that the Legislature have not, in terms, given a writ of error from the Circuit Court to the County Court, but the act of the General Assembly of 9th Jan. 1825, (see *Revised Code,* 274,) says that the several Courts shall respectively have power to issue all writs which may be necessary in their respective jurisdictions, according to the principles and usages of law. It seems this provision is sufficient to enable the Circuit Court to issue a writ of error, or a writ by any other name, to bring up any (28) matter or thing, had or done in the County Court touching the right of parties litigant therein ; and more especially so in cases where no appeal is given. So that

nothing in this case can be adduced from the argument of the plaintiff's counsel, that unless his construction prevails, there will be a right without a remedy. Upon the whole matter, the motion is overruled with costs.