GEORGE KNAPP & Co., Respondents, v. EDWIN A. SKEELE, Appellant.

1. Where an appeal from a justice is taken within less than ten days before the first day of the term of the appellate court, the case is not triable at that term, except by consent of parties.

*Appeal from St. Louis Law Commissioner's Court.*

*Lucien Eaton*, for appellant.

*C. C. Carroll*, for respondent.

BATES, Judge, delivered the opinion of the court.

This case was heretofore submitted to the court, and an opinion prepared by Judge Ewing but never delivered, and now the parties consent that that opinion may be adopted as the opinion of the court, and judgment entered in accordance with it. Therefore, all the judges concurring, the judgment below is reversed and the cause remanded.

EWING, Judge.

The only question in this case is whether the cause was regularly triable at the term of the court at which it was heard and determined. The suit having been brought in a justice's court, the appeal was perfected on the 28th May, (1859,) and the sixth of June was the first day of the June term of the law commissioner's court; at that term the cause was tried and judgment rendered for the plaintiff, the defendant not appearing. Afterwards, in due time, a motion was made to set it aside. Appeals to the law commissioner's court are governed by the same rules and regulations as apply to like cases in the circuit court, except as otherwise provided by law. (2 R. S. 1597, § 3.) By the act regulating proceedings in justices' courts all appeals allowed ten days before the first day of the term of the appellate

court, next after the appeal allowed, shall be determined at such term, unless continued for cause. (Id. 975, § 20.) We do not view this provision as giving any discretion to the appellate court, respecting the trial of appeals taken, less than ten days before the first day of the next term thereof. These, we think, are not triable at such terms. If ten days elapse between the allowing of the appeal and the commencement of the next term, it is regularly for trial at that term, and stands as other causes originating in the appellate court on the trial docket. In cases requiring notice to the appellee, it must be given at least ten days before the first day of the term at which the cause is to be determined. (Id. 975, § 21.) And the want of such notice would work a continuance of the cause. The appellee in this case at bar, it is clear, could not have been forced into a trial at the term at which it was had, nor could he have demanded a trial at such term without the consent of the other party.

Judgment reversed and the cause remanded ; Judge Napton concurring.