Bruner v. Marcum.

---

A. W. BRUNER, Appellant, v. M. B. MARCUM, Respondent.

1. *Practice, civil — Jury, waiver of.* — An entry of judgment which shows that the parties "appeared and submitted the case for trial to the court" sufficiently indicates that trial by jury was waived.

2. *Judgment — Amendment of,* nunc pro tunc. — Where a motion for a new trial and the whole case is continued to the next term of court, the judgment may be amended *nunc pro tunc.*

*Appeal from Clinton Circuit Court.*

*Robert Caldwell,* for appellant.

Respondent filed no brief.

ADAMS, Judge, delivered the opinion of the court.

This suit was commenced before a justice of the peace on a promissory note, taken by appeal to the Cameron Court of Common Pleas, and by change of venue from that court to the Clinton Circuit Court. When the case was called for trial it was submitted to the court and tried without a jury.

The entry of judgment shows that the parties " appeared and submitted the case for trial to the court," and the court found for the defendant and rendered judgment accordingly. At the term when this judgment was rendered the plaintiff filed a motion for a new trial upon the sole ground that the court had found against the law and evidence. This motion, together with the cause, was continued till the next term, at which term the motion was overruled, and at the same time the court entered anew the judgment as of last term, showing in the entry that a jury trial was expressly waived by the parties, and that the cause was submitted to the court.

The only point made here is that the court erred in making this *nunc pro tunc* entry, showing in so many words that a jury trial had been waived. In the first place there was no necessity for any amendment at all, for the original entry can receive no other construction than that a jury trial had been waived. It shows that the parties appeared and submitted the case for trial to the court. How could such a submission be made without waiving the right to a jury trial? The submission being by consent of the parties, was a waiver of the right to demand a jury.

But the motion for a new trial, together with the whole case, was continued, and when the motion was disposed of — the judgment being still before the court for final action — was still in the breast of the court, and might be amended then, if necessary, as well as at the previous term.

Let the judgment be affirmed. The other judges concur.