FRANK DAVIS, Respondent, *v.* ABRAHAM SCHIELDS, Appellant.

November 20, 1883.

NOTICE — PRACTICE — APPEAL FROM JUDGMENT OF A JUSTICE. — On appeal from a justice's judgment, it is error to dismiss the suit for want of notice of appeal before the second term at which the cause is triable.

APPEAL from the St. Louis Circuit Court, BARCLAY, J. *Reversed and remanded.*

C. C. SIMMONS, for the appellant.

WIELANDY & PEABODY, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This case was tried before a justice of the peace, who gave judgment for the plaintiff on the 22d of January, 1883.

On the 31st of January, 1883, an appeal to the circuit court was granted. At the April term, 1883, namely, on the 5th of April, the circuit court, on the motion of the plaintiff, affirmed the judgment of the justice, for the reason that the defendant had not given notice of the appeal within the time prescribed by the statute. The propriety of this ruling is the only question we have to consider.

It will be perceived that this judgment of affirmance was rendered at the second return term of the circuit court after the appeal from the justice had been granted. Rev. Stats., p. 1505, sect. 9. It will also be perceived from the same section of the statute, that the first term of the circuit court after the appeal was granted, commenced on the first Monday in February, which was less than ten days from the date when the appeal was granted, and accordingly the cause was not triable at the February term. Rev. Stats., sect. 3054; *Knapp* v. *Skeele*, 31 Mo. 434. The case was not, therefore, triable until the April term. It is also to be noticed that the appeal was not allowed by the justice on the day on which the judgment was rendered.

Keeping these facts in view, the question is to be determined by construing together the following sections of the Revised Statutes : "If the appeal be not allowed on the same day on which the judgment is rendered, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause is to be determined, with a notice in writing, stating the fact that an appeal has been taken from the judgment therein specified." * * * Rev. Stats., sect. 3055. "If the appellant fail to give notice of his appeal, when such notice is required, the cause shall, at the option of the appellee, be tried at the first term, if he shall enter his appearance on or before the second day thereof, or at his instance, shall be continued, as a matter of course, until the succeeding term, at the cost of the appellant, but no appeal shall be dismissed for want of such notice." *Ibid.*, sect. 3056. "If the appellant shall fail to give such notice, at least ten days

before the second term of the appellate court, after the appeal is taken, the judgment shall be affirmed or the appeal dismissed, at the option of the appellee." *Ibid.*, sect. 3057. There is a seeming incongruity between sections 3055 and 3057. The former section requires notice of the appeal to be given " at least ten days before the first day of the term at which the cause is to be determined." The latter gives the appellee the right to demand the dismissal of the appeal or an affirmance of the judgment unless notice is given " at least ten days before the second term of the appellate court after the appeal is taken." There is also a direct conflict between the literal meaning of sections 3056 and 3057. The former prescribes, without any qualification whatever, that no appeal shall be dismissed for want of notice of the appeal. Sections 3055 and 3056 appear in the present revision as they stood in the General Statutes. Section 3057 was added by the present revisers. When they added it, they had section 3056 under their eye, and must have seen, if they gave any attention to it, that the two would contradict each other. And the question is, what did they mean by letting them stand as they did?

The question, we think, can be solved, if we give attention to the mischief of the law as it stood before the revisers thus amended it, and the remedy which they must have had in view, and then construe the amendment so as to suppress the mischief and advance the remedy. The mischief of the old statute was that the appellant in case of appeals from justices of the peace, was required to give notice of his appeal within the prescribed time, and no penalty was affixed to the requirement. An appeal might be taken from a justice on the day after the rendition of the justice's judgment, and the cause might remain indefinitely in the circuit court without the appellee having any knowledge of its removal. The revisers evidently intended to remedy this by fixing a date after which, in case the appel-

lant fail to give notice of the appeal, the appellee might, on discovering the fact, have the appeal dismissed or the judgment affirmed. This manifest intention of the revisers is reached, and he three sections are harmonized, by reading section 3057 as though it were a proviso to section 3056; and so read, the substance of the three sections would be (1) that notice of the appeal is to be given in the case named, at least ten days before the first day of the term at which the case is triable in the circuit court, which, in this case, was the April term; (2) that the appeal is not to be dismissed for want of such notice, unless (3) the notice is not given at least ten days before the second term of the appellate court, *at which the case is triable*, after the appeal is taken, which, in this case, would be the June term. This is the only ground upon which the three sections can be harmonized at all, and it is the ground which reaches the probable intention of the revisers. They could not have meant a thing so absurd as to prescribe that a certain notice should be given, and then in the next section to prescribe that the appeal should not be dismissed for want of such notice, and then in the next section after that to enact that the appeal should be dismissed for want of such notice, given at an earlier day. The idea evidently was that the appellee should have notice ten days before the first day of the term at which the cause could be tried, in order that he might prepare for the trial, and that if he should not have such notice, another trial term need not pass without a dismissal. The notice referred to in section 3056 is unquestionably the notice prescribed in section 3055; and when section 3057 uses the phrase " such notice," it manifestly refers to the same notice; and it is not to be so construed as to have the effect of shortening the time prescribed in section 3055 for the giving of notice.

If we are right in this conclusion, the justice's judgment in the present case could not properly have been affirmed

for want of notice of the appeal until the June term of the circuit court. For the error of affirming it at the April term, the judgment of the circuit court is reversed and the cause remanded.

All the judges concur.