CHARLES ROLL, Defendant in Error, v. DAVID B. CUMMINGS et al., Plaintiffs in Error.

**Kansas City Court of Appeals, March 5, 1906.**

1. **JUSTICES' COURTS: Appeal: Second Term of Circuit Court: Notice: Statutory Construction.** A justice's judgment was entered September 22. An appeal was perfected October 1. The next three terms of circuit court began October 10, January 9, and April 10. On January 12 the appellee filed his motion in the circuit court to affirm the judgment because of failure of the appellant to give notice of the appeal from the justice. *Held*, the January term was the first term after the appeal and the motion to affirm was premature. Cases and statutes considered.

2. ———: ———: **Motion to Affirm: Appearance: Notice.** A motion to affirm by the appellee does not constitute a general appearance so as to give the court jurisdiction over his person, and the appellant should give notice of the appeal even though the appellee prematurely files a motion to affirm the judgment and such motion has been sustained.

3. ———: ———: **Trial and Appellate Practice: Writ of Error.** Where the appellant has failed at the second term to give notice of the appeal, the fact that the circuit court may have erroneously affirmed the judgment will not waive the defect and a writ of error subsequently sued out to reverse the judgment of the circuit court is improvident and will be dismissed.

— Error to Jackson Circuit Court.—*Hon. Hermann Brumback*, Judge.

WRIT DENIED.

*John C. Nipp* for plaintiffs in error.

The court erred in sustaining appellee's (defendant in error herein) motion to affirm the judgment of the justice of the peace at the January Term, 1905, of the circuit court. R. S. 1899, sec. 1702; R. S. 1899, sec. 1718; R. S. 1899, sec. 1734; R. S. 1899, sec. 4074; R. S. 1899,

sec. 4075; R. S. 1899, sec. 4076; Knapp & Co. v. Skeele, 31 Mo. 434 (1859); Nay v. Railroad, 51 Mo. 576 (1873); Brownville v. Rembert, 63 Mo. 394 (1876); Davis v. Schields, 14 Mo. App. 397 (1883).

*Halstead & Halstead* for defendant in error.

(1) Defendant in error was entitled to an affirmance of the judgment at the January term, 1905, of the circuit court, and the court committed no error in affirming that judgment on the 14th day of January, 1905. R. S. 1899, sec. 4073; R. S. 1899, sec. 4074; R. S. 1899, sec. 4075; R. S. 1899, sec 4076. (2) The construction placed upon section 4076, Revised Statutes 1899, by the St. Louis Court of Appeals, in the case of Davis v. Schields, 14 Mo. App. 397, is erroneous, and is in conflict with the construction placed upon that section by the Supreme Court. Bonney v. Baldwin, 3 Mo. 49; Priest v. Railway, 85 Mo. 521; Hollman v. Railway, 92 Mo. 284; Rowley v. Hinds, 50 Mo. 403; Nay v. Railway, 51 Mo. 575; Brownsville v. Rembert, 63 Mo. 393; Riddle v. Gillespie, 67 Mo. 627; State ex rel. v. Johnson, 132 Mo. 105; Steppacher v. McClure, 75 Mo. App. 135. (3) Section 4075, Revised Statutes 1899, in so far as it is in conflict with section 4076, was repealed by section 4076. Ex parte Joffee, 46 Mo. App. 360; Bryant v. Russell, 127 Mo. 422; State ex rel. v. Dolan, 93 Mo. 576. (4) Since a reversal by this court of the judgment of affirmance rendered by the circuit court could only result in a similar judgment of affirmance, this court will not reverse the judgment of affirmance already rendered by the circuit court. Wolf v. Harrington, 38 Mo. App. 276; Hempstead v. Darby, 2 Mo. 25; McCabe v. Lecompte, 15 Mo. 78; Rowley v. Hinds, 50 Mo. 403; Page v. Railway Company, 61 Mo. 78; Hedecker v. Ganzhorn, 50 Mo. 154; Conley v. Doyle, 50 Mo. 234; Telephone Co. v. Electric Light Co., 46 Mo. App. 121; State ex rel. v. Benedict, 51 Mo. App. 642; Daniels v. Adkins, 66 Mo. App. 342; Kansas City v. O'Shea, 69 Mo. 51.

JOHNSON, J.—Defendant in error, on September 22, 1904, recovered judgment in a justice's court against plaintiffs in error and on October 1st following an appeal was taken to the circuit court of Jackson county. The October term of that court began on the tenth day of October, less than ten days after the appeal was granted. The next term began January 9, 1905, and the one following on April 10, 1905. On January 12, 1905, no notice of appeal having been given, the appellee (defendant in error) filed a motion to affirm the judgment on the ground that the said January term was "the second term of said court since the taking of said appeal" and the appellants had failed to give notice of appeal. This motion was sustained by the circuit court and the judgment of the justice affirmed. On June 25, 1905, the case was brought here by writ of error.

The following sections of Revised Statutes 1899 are before us for construction in the solution of the questions presented:

"Section 4073. All appeals allowed ten days before the first day of the term of the appellate court next after appeal allowed, shall be determined at such term unless continued for cause.

"Section 4074. If the appeal be not allowed on the same day which the judgment is rendered, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause is to be determined, with a notice in writing, stating the fact that an appeal has been taken from the judgment therein specified. The notice may be served in like manner as an original writ of summons, or by delivering a copy of the same to the appellee by any person competent to be sworn as a witness, or if the appellee shall have appeared to the suit before the justice, either by agent or attorney, said notice may be served on said agent or attorney; and when the appellee does not reside in the county and has no agent or attorney in the suit therein, the service may be by leaving a copy of such notice with the justice.

"Section 4075. If the appellant fail to give notice of his appeal when such notice is required, the cause shall, at the option of the appellee, be tried at the first term, if he shall enter his appearance on or before the second day thereof, or, at his instance, shall be continued as a matter of course until the succeeding term, at the cost of the appellant; but no appeal shall be dismissed for the want of such notice. When, however, the appellee enters his appearance and demands trial as provided for by this section and the appellant fails to appear, the judgment on motion of appellee shall be affirmed.

"Section 4076. If the appellant shall fail to give such notice at least ten days before the second term of the appellate court after the appeal is taken, the judgment shall be affirmed, or the appeal dismissed, at the option of the appellee."

Defendant in error contends that nothwithstanding the October term of the circuit court began less than ten days after the appeal from the judgment of the justice was granted, it was the first term after the appeal was taken within the meaning of section 4076, and, therefore, the succeeding term beginning January 9th was the second term and the last one before which the notice could be given. It is conceded this construction of the section places it in conflict with those preceding, but the argument is advanced that section 4076, being a later enactment repealed the conflicting provisions of the others. Section 4076 first appears in the revision of 1879 as section 3057. Prior to that time, the Supreme Court held that a cause appealed from a justice court was not triable in the circuit court at a term beginning within ten days from the date of the appeal except by consent of both parties. [Knapp v. Skeele, 31 Mo. 434; Nay v. Railroad, 51 Mo. 575.] And without such consent, the cause was to stand continued as a matter of law until the succeeding term which, for the purposes of giving notice by the appellant or of entering appearance by the appellee, was to be treated as the first term

at which the cause could be made triable by either party. Unless this rule has been abrogated by the adoption in the revision of 1879 of the section now under consideration, it must follow from its application to the facts of the present case that the motion to affirm was prematurely made and should have been overruled for the reason that the January term, being the first one at which the cause could have been made triable by either party, a motion to affirm the judgment for a failure to give the statutory notice of appeal would not lie at that term. Had the appellee entered his appearance on or before the second day of that term and demanded a trial, the failure of the appellants to appear or their refusal to proceed to trial would have entitled the appellee to an affirmance of the judgment. [Holloman v. Railway, 92 Mo. 284.]

But here the appellee entered no appearance, either general or special, until after the lapse of the second day of that term, nor did he demand a trial, but in the motion filed by him sought an affirmance of the judgment on the ground that appellants had not perfected their appeal according to law. As appellants (under the rule we are considering) had until ten days preceding the beginning of the April term in which to serve their notice of appeal, it is manifest the motion must be held to have been filed prematurely, unless section 4076 is given the effect claimed for it by defendant in error. In the case of Davis v. Schields, 14 Mo. App. 397, the St. Louis Court of Appeals, in a well-considered opinion, written by THOMPSON, J., held adversely to the argument of defendant in error. We are impressed with the soundness of that decision and adopt it as the expression of our own views. Section 4076 evidently was incorporated in the revision of 1879, not for the purpose of abrogating the existing rule, but to provide a more adequate remedy to the appellee in case of its non-observance by the appellant. We find nothing in the case of Holloman v. Railroad, 92 Mo. 284, in conflict with Judge THOMP-

son's opinion. There is a dictum in the dissenting opinion in the case of Priest v. Railway, 85 Mo. l. c. 524, that appears to lend support to the argument of defendant in error, but we do not understand that in overruling the Priest case the Supreme Court in the Holloman case adopted that portion of the dissenting opinion relating to the question under consideration; consequently, we do not regard it as authoritative. It results from what we have said that the learned trial judge erred in sustaining the motion to affirm.

When the petition for a writ of error was filed in this court, the April, 1905, term of the circuit court had long since begun. This was the second term after the appeal from the judgment of the justice at which the cause was triable and it is conceded that no motion of appeal ever was given by appellants. It is claimed by them that the erroneous action of the circuit court in sustaining the motion to affirm deprived them of all opportunity for giving notice, but we do not think so. The service of notice of appeal upon the appellee within the time provided by statute is indispensable to the conferring of jurisdiction over the person of the appellee, except when the giving of such notice is waived by the voluntary general appearance of the appellee. But an appearance for the purpose of raising the question of the court's jurisdiction over the person of the appellee is not a general appearance and therefore not one that dispenses with the necessity of notice. As was said in the case of Rowley v. Hinds, 50 Mo. 405; "There is a distinction in principle between such an appearance as would waive or should presume notice and an appearance for the purpose only of taking advantage of a failure by the other party to so comply with the law as to bring his case or his antagonist into court. Any action that expressly, or from its nature, implies that the actor is in court for general purposes—as motion to continue, an attack upon the pleadings or a plea to the merits—is of the former character; while a motion, in which the mover seeks only to

take advantage of an omission by the other party, cannot be held to supply that omission and must belong to the latter—otherwise, he would be denied the right to take such advantage." [Page v. Railroad, 61 Mo. 78; Wolf v. Harrington, 38 Mo. App. 277; Hempstead v. Darby, 2 Mo. 25; Bonney v. Baldwin, 3 Mo. 50; McCabe v. Lecompte, 15 Mo. 78; Riddle v. Gillespie, 67 Mo. 627; Brownsville v. Rembert, 63 Mo. 393.]

Under the foregoing authorities, it is clear that the filing of the motion to affirm was not an appearance of the appellee that waived the service of notice and it is difficult to perceive how the entertainment of that motion by the court in any way prevented its service. The statute points out the method the appellant must pursue to bring his adversary into court. Compliance with its provisions is jurisdictional. They had not been, nor could they have been, complied with when the writ of error was applied for and issued. Plaintiffs in error were then in such situation that a correction of the error of the circuit court could avail them nothing, for should the cause be remanded their failure to prosecute the appeal according to law would necessitate the affirmance of the judgment on the motion of the appellee. With the certainty of such result before them, the writ was improvidently sued out and for that reason the petition in error is dismissed and the costs adjudged against the plaintiffs in error. All concur.