CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant, v. EMMA OLIN and LOUIS OLIN, copartners doing business as E. OLIN & SON, Respondents.*

Kansas City Court of Appeals. June 16, 1924.

1. **DEPOSITIONS:** Statute Governing Taking of Depositions and Providing Penalty for Failure to Attend and Testify Has no Application Unless Suit in Which Depositions Are to be Taken is Actually

C., B. & Q. R. R. Co. v. Olin & Son.

Pending. Sections 5417, 5440, Revised Statutes 1919, in reference to taking depositions and providing penalty for refusal to attend and testify have no application unless suit in which depositions are to be taken is actually pending.

2. JUSTICES OF PEACE: Jurisdiction: Notice of Appeal Being Jurisdictional, Where Motion to Affirm for Failure to Give Such Notice Was Filed, Court Was Without Authority to Proceed With Any Other Matter Until Such Question Was Determined. Where upon the face of the record and as a basis for defendant's motion to affirm, on appeal to the circuit court, the question of whether notice of appeal had been given as required by sections 2905 and 2907, Revised Statutes 1919, was presented, the court was without jurisdiction to hear plaintiff's motion to overrule defendant's motion to affirm, before determining question whether notice of appeal had been given, which was jurisdictional and should appear on the face of the record.

3. ———: Where Motion to Affirm Was Pending Challenging Jurisdiction of Trial Court on Appeal Defendants Were Justified in Failing to Appear at Taking of Depositions. Where defendants' motion to affirm for failure to give notice of appeal as required by statute was pending thereby challenging jurisdiction of court, defendants were justified in failing to appear at taking of depositions as there was no showing of record that depositions were to be used on consideration of motion to affirm.

4. ———: Appearance: Waiver of Jurisdiction: Appearance of Defendants at Taking of Depositions, After Questioning Jurisdiction for Failure to Give Notice of Appeal, Would Waive Their Right to Have Judgment Affirmed for Such Failure. Where defendants by motion to affirm for failure to give notice of appeal thereby challenging jurisdiction of court, their appearance thereafter at taking of depositions in response to notice thereof would have entered appearance and waived their right to have judgment affirmed.

5. ———: ———: Appearance in Court for General Purposes Waives Right to Have Judgment Affirmed for Failure to Give Notice of Appeal Required under Statute to Confer Jurisdiction. Any act that from its nature implies that party is in court for general purposes, is sufficient to constitute waiver of jurisdiction and of right to have judgment affirmed for failure to give notice of appeal as required by statute.

6. ———: Action of Court in Overruling Motion to Affirm Being a Nullity Defendants Were Within Their Rights in Filing Motion to Dismiss. Action of court in sustaining motion to overrule defend-

ants' motion to affirm for failure to give notice of appeal, being a nullity for want of jurisdiction, defendants were within their rights in filing motion to dismiss.

7. ———: **Notice of Appeal to Circuit Court Required by Statute Means Personal Service of Notice, and Where no Positive Showing of Receipt of Notice by Registered Mail, Court Was Justified in Dismissing Appeal.** Sections 2905 and 2907, Revised Statutes 1919, requiring notice of appeal to be given on appeal to circuit court from justice court, contemplates personal service thereof by delivery directly to person notified and where no positive showing that defendants ever received notice, proof of proper mailing and receipt thereof through mail was insufficient, and trial court was justified in holding no statutory notice of appeal had been given and in dismissing appeal.

8. ———: **Plaintiff on Appeal to Circuit Court Required to Make Positive Showing That Defendants Received Notice of Appeal.** Where receipt of notice of appeal was denied by defendants it devolved upon plaintiff to make a positive showing to contrary.

*Corpus Juris-Cyc. References; Discovery, 18CJ, p. 1101, n. 45 New. Justices of the Peace, 35CJ, p. 725, n. 78 New; p. 773, n. 69; p. 778, n. 36; p. 779, n. 44; p. 784, n. 44, 48 New; p. 793, n. 82; p. 801, n. 85 New; p. 805, n. 60; p. 808, n. 98.

Appeal from the Circuit Court of Jackson County.—*Hon. Samuel A. Dew,* Judge.

AFFIRMED.

*Langworthy, Spencer & Terrell* for appellant.

*Joseph P. Duffy* and *Albert S. Marley* for respondents.

ARNOLD, J.—Plaintiff seeks by this action to recover the sum of $310.66, alleged unpaid freight charges for a shipment of apples moving from Excelsior, Wash., to defendants at Kansas City, Mo., plaintiff being a connecting and the delivering carrier.

Suit was begun by filing statement of claim in a justice court in Kaw Twp., Jackson County. On change

of venue it was taken to the court of another justice of the peace where a trial resulted in judgment for defendants and plaintiff appealed to the circuit court. About eight months after the cause was docketed in the circuit court, defendants filed a motion to affirm the judgment entered in the justice court, on the ground that no statutory written notice of appeal was served upon defendants within ten days before the second term of the circuit court after the appeal was perfected: After said motion to affirm was filed, plaintiff served notice to take depositions upon defendants, though for what purpose said depositions were to be taken does not appear of record. Defendants failed to appear at the time and place mentioned in the subpoenas and notice to take depositions, whereupon plaintiff filed a motion in the assignment division of the circuit court to overrule defendant's motion to affirm the judgment, invoking section 5417, Revised Statutes 1919, which provides that "if a party upon being duly summoned to take his deposition, fail to so appear his pleadings may be rejected or his pending motion overruled on motion of the adverse party." Said motion was sustained by the court on February 14, 1922, and thereafter defendants' motion to affirm the judgment was overruled and such orders were duly entered of record.

Some fourteen months thereafter and on May 8, 1923, defendants filed a motion to dismiss the appeal and on May 12th thereafter, plaintiff filed its motion to strike from the file defendants' said motion to dismiss the appeal. On May 12, 1923, the cause was duly assigned to Division No. 6 of the circuit court for the purpose of passing upon defendants' motion to dismiss the appeal and plaintiff's motion to strike from the files. On May 19th evidence was heard upon the issues presented by the said motions and orders were entered overruling plaintiff's motion to strike and sustaining defendants' motion to dismiss the appeal, and judgment was entered accordingly. Motion for a new trial being unsuccessful plaintiff appeals.

The main issue in this appeal is whether or not stat-utory notice of appeal from the justice court was given. Other points are raised in the briefs, but as we view the matter they are merely incidental to the question of no-tice. The record shows the appeal to the circuit court was not taken on the day judgment was rendered in the justice court and written notice was necessary under the provisions of section 2907, Revised Statutes 1919, where-in it is provided:  ·

"If the appellant shall fail to give such notice at least ten days before the second term of the appellate court, after the appeal is taken, the judgment shall be affirmed or the appeal dismissed at the option of the appellee."

And section 2905 provides: "If the appeal be not allowed on the same day on which the judgment is ren-dered, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause is to be determined, with a notice in writing, stating the fact that an appeal has been taken from the judgment therein specified."

Under section 2906 "if the appellant shall fail to give notice of his appeal when such notice is required, the cause shall, at the option of the appellee, be tried at the first term, if he shall enter his appearance on or be-fore the second day thereof, or at his instance, shall be continued as a matter of course until the succeeding term, at the cost of the appellant; but no appeal shall be dis-missed for want of such notice. When, however, the ap-pellee enters his appearance and demands trial as pro-vided for by this section and the appellant fails to ap-pear, the judgment on motion of appellee shall be af-firmed."

It is insisted by plaintiff that the court, in the first instance, properly sustained plaintiff's motion to over-rule defendants' motion to affirm the judgment; and properly overruled defendants' motion to affirm, basing this view primarily upon the provisions of section 5440, Revised Statutes 1919, which provides that any party to

a suit pending in any court in this State may obtain the deposition of any witness to be used in such suit, conditionally. There can be no question that this statutory right exists, and we do not understand that defendants deny this right.

It is provided by section 5417 that if a party being summoned refuse to attend and testify, either in court or before any person authorized to take depositions, besides being himself punished as for a contempt, his petition, answer or reply may be rejected, or a motion, if made by himself, overruled, or if made by the adverse party, sustained.

It was held in Ex Parte Munford, 57 Mo. 603, that the statute requires that the suit be pending and that it has no reference to the state of the pleadings. Therefore we must conclude that if the appeal was legally pending in the circuit court at the time the notice to take depositions and the subpoenas were served, the prior ruling of the assignment division on the motions above referred to was proper.

It is urged by defendants that the appeal was not pending for lack of legal notice. This brings us again to the main question at issue, to-wit, the legality of such notice. It is insisted by defendants that the court was without jurisdiction of the parties to entertain and pass upon plaintiff's motion to overrule defendants' motion to affirm. We accept this view as being correct. After the motion to affirm, setting out as the reason therefor that no legal notice of appeal had been given, plaintiff served its notice to take depositions and also had subpoenas served upon defendants and their attorneys, neither of whom appeared for the taking of such depositions. For this reason plaintiff filed its motion to overrule defendants' motion to affirm. This motion to overrule was sustained and the motion to affirm was overruled.

On the face of the record and as a basis for the motion to affirm, the question of notice of appeal was presented. The court is without jurisdiction to proceed with

a case when its jurisdiction is dependent upon a condition precedent. [McMenamy v. Stillwell, 267 Mo. 340, 184 S. W. 467; City v. Greer, 186 S. W. 952.] The rule is well established that where a motion to affirm is filed the judge has no jurisdiction to entertain any other matter in connection with the case. In Drake v. Gorrell, 106 S. W. 1080, this court considered this question at length, and it was held that ''the fact that notice was given, being jurisdictional, must affirmatively appear on the face of the record . . . The record being silent as to this important fact, we have nothing on which to base a presumption that notice was given.'' Further the opinion says: ''The failure of the garnishee to give notice in accordance with the statutes constitutes a failure to confer jurisdiction in the circuit court over the person of the plaintiff and deprives it of authority to make any other disposition of the cause than to affirm the judgment of the justice or dismiss the appeal.''

It must be concluded, therefore, that before the court could proceed with the consideration of plaintiff's motion to overrule, it must have some evidence that notice of appeal was given. This was the very question raised by defendants' motion to affirm. There was no evidence of this nature before the court.

We think defendants were justified in failing to appear at the taking of depositions as there is no showing of record that such depositions were to be used on consideration of the pending motion to affirm. Had defendants appeared at the taking of the depositions, in response to notice thereof, they would have entered appearance and thereby waived their right to have the judgment affirmed.

In the case of Bates & Wright v. Scott Bros., 26 Mo. App. 428, this court held, in effect, that in the case of an appeal from a justice court, a failure to give notice of appeal required by the statute is waived by the appellee accepting service of notice by appellant to take depositions, after the appeal, and appearing at the taking of depositions and objecting to certain questions asked of

witnesses, and having the grounds of objection noted; and any act that from its nature implies that he is in court for general purposes, as to plead to the merits, or contest the trial, will be sufficient. [Page v. Railroad, 61 Mo. 78; Wolff v. Danforth, 70 Mo. 182; Berry v. Trust Co., 75 Mo. 430; Roll v. Cummings, 117 Mo. App. 312, 93 S. W. 864; Reeves v. Stratton, 232 S. W. 1060.]

As defendants' motion to affirm directly raised the question of notice of appeal, we must hold that the circuit court was without jurisdiction to proceed with the case without evidence on this point; and the record discloses there was no such evidence at that time. [Drake v. Gorrell, supra.] It follows logically that the action of the court in sustaining plaintiff's motion to overrule the motion to affirm was error.

It was held in State ex rel. v. Seehorn, 238 Mo. 508, 223 S. W. 664: "Where the court depends upon special statutory authority and upon a condition precedent fixed by statute it could have no jurisdiction save under such condition and could not act in the absence of evidence tending to prove the existence of the condition."

The ruling in the case of Daugherty v. Perky, 177 S. W. 786, is in point, wherein it is said: "Though jurisdiction of the cause has been lodged in the circuit court, jurisdiction of the person of the appellee must be obtained either by service of the statutory notice, or by his voluntary general appearance in court."

In the case at bar it cannot be claimed that there was a voluntary general appearance of defendants in court. In our view of the law as applied to the situation here presented, defendants were within their rights in filing the motion to dismiss the appeal in the second instance, the former action of the court being a nullity, for want of jurisdiction.

This brings us to the decisive question in the case, to-wit, Was there a legal notice of appeal served on defendants? It is plaintiff's contention that such legal notice was served, while the testimony at the hearing of defendants' motion to dismiss the appeal shows that no

attempt was made by plaintiff to serve notice of appeal on defendants save by registered mail. In the case of Dalton v. Railroad, 113 Mo. App. 71, 87 S. W. 610, it is said: "It has been repeatedly held that when notice is required by statute, and no manner of service is pointed out, personal service is meant." [See also Roll v. Cummings, 117 Mo. App. 312, 93 S. W. 864.] Further it is said in the Dalton case:

"The term 'personal service' has a fixed and definite meaning in law. It is service by delivering the writ, notice or order to the defendant personally as contradistinguished from other modes of service, and thence does not include service by leaving a copy at the defendant's last known place of abode, or by mailing a copy to him."

The statute contemplates a personal service, i. e. delivery directly to the person notified, and is not satisfied by proof of proper mailing of the notice and receipt thereof through the mail. [Conway v. Campbell, 38 Mo. App. 473.] There is no positive showing that defendants ever received the notice purported sent by registered mail. In the absence of such positive showing, the trial court was justified in holding that no statutory notice of appeal, in fact, was served upon defendants. The receipt of such notice is denied by defendants and it devolved upon plaintiff to make a positive showing to the contrary.

This ruling disposes of all collateral points raised in plaintiff's brief and argument. The judgment is affirmed. All concur.